IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



FILED BY CLERK

JUN 17 2008

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,            )
                                 )        2 CA-CR 2007-0202
              Appellee,          )        DEPARTMENT A
                                 )
       v.                        )        O P I N I O N
                                 )
LUIS ALBERTO MORENO-MEDRANO,     )
                                 )
              Appellant.         )
                                 )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20062797

Honorable Paul Tang, Judge
Honorable Stephen C. Villarreal, Judge

AFFIRMED

_____

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Laura P. Chiasson                         Tucson
                                                        Attorneys for Appellee


Robert J. Hirsh, Pima County Public Defender
  By Rose Weston                                                   Tucson
                                                        Attorneys for Appellant

_____

H O W A R D, Presiding Judge.

**¶1**          After a jury trial, appellant Luis Moreno-Medrano was convicted of aggravated

assault with a deadly weapon or dangerous instrument and attempted armed robbery, both

dangerous-nature offenses. The court sentenced him to concurrent, presumptive prison terms of 7.5 years. On appeal, Moreno-Medrano claims the court erred in denying his motion to suppress a statement he had made to police, ordering him to pay attorney fees without making certain factual findings, entering a criminal restitution order with respect to the fees imposed, and considering his claim of innocence as a denial of responsibility at sentencing. Finding no error, we affirm.

## Facts

¶2 "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, ¶ 2, 141 P.3d 748, 750 (App. 2006). Moreno-Medrano approached the victim, a delivery driver, who was unloading a truck outside a business. Moreno-Medrano asked if he could help unload the truck, but the victim said that company policy prohibited it. Moreno-Medrano left but returned a short time later and pointed a gun at the victim, demanding money. The victim ran to the other side of the trailer on his truck and hid. Moreno-Medrano apparently left. The victim went to a nearby restaurant and asked the manager to call the police. The police apprehended Moreno-Medrano and the victim identified him. Moreno-Medrano was convicted and now appeals.

## Motion to Suppress

¶3 Moreno-Medrano argues the trial court erred in denying his motion to suppress his statement to the police, contending he did not validly waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We review the court's ruling for an abuse of discretion,

2

considering only the evidence presented at the suppression hearing and viewing that evidence in the light most favorable to sustaining the trial court's ruling. *See State v. Gay*, 214 Ariz. 214, ¶ 30, 150 P.3d 787, 796 (App. 2007). We review de novo the court's legal conclusions. *See State v. Smith*, 197 Ariz. 333, ¶ 2, 4 P.3d 388, 390 (App. 1999).

**¶4** "'Answering questions after police properly give the *Miranda* warnings constitutes a waiver by conduct.'" *State v. Trostle*, 191 Ariz. 4, 14, 951 P.2d 869, 879 (1997), *quoting State v. Tapia*, 159 Ariz. 284, 287, 767 P.2d 5, 8 (1988); *see also North Carolina v. Butler*, 441 U.S. 369, 373 (1979). During a custodial interrogation, a detective advised Moreno-Medrano of his rights pursuant to *Miranda*. The detective asked Moreno-Medrano if he understood his rights. Moreno-Medrano said "yes." Without specifically asking if Moreno-Medrano waived those rights, the detective then began asking Moreno-Medrano questions about the incident. Moreno-Medrano answered all questions without asking for counsel and without attempting to terminate the interview.

**¶5** By stating that he understood his rights and then engaging in "a course of conduct indicating waiver," *Butler*, 441 U.S. at 373, Moreno-Medrano validly waived his rights to remain silent and to have counsel present. *See State v. Montes*, 136 Ariz. 491, 495-96, 667 P.2d 191, 195-96 (1983) (waiver by conduct where defendant indicated he understood rights, answered questions freely, did not seek counsel, and did not try to terminate questioning). The trial court therefore did not abuse its discretion in denying his motion to suppress the statement.

3

**¶6** Moreno-Medrano further argues that because the evidence shows the police department routinely fails to obtain explicit waivers and even trains officers "to affirmatively ignore any inquiry" regarding waiver, "the spirit and intent of *Miranda*" are not being fulfilled. He suggests we draw a distinction between inadvertent failure to obtain an explicit waiver and this officer's deliberate failure to obtain an explicit waiver. We agree that the better practice is to obtain an explicit waiver from the suspect. But our supreme court has held, without considering the subjective intent of the officer, that an explicit waiver is not required. *See Trostle*, 191 Ariz. at 14, 951 P.2d at 879; *see also State v. Jones*, 203 Ariz. 1, ¶ 9, 49 P.3d 273, 277 (2002) (explicit statement waiving *Miranda* not required). We cannot disregard the decisions of our supreme court. *State v. Newnom*, 208 Ariz. 507, ¶ 8, 95 P.3d 950, 951 (App. 2004). Moreover, the general practices of the police department are not relevant to the inquiry of whether, on the facts of this case, the defendant intelligently and knowingly waived his rights by conduct. *See Montes*, 136 Ariz. at 495, 667 P.2d at 195 (waiver determination "focuses on the particular facts and circumstances surrounding a case").

### Imposition of Fees

**¶7** Moreno-Medrano also argues the trial court committed fundamental error when it ordered him to reimburse Pima County $400 in attorney fees and pay a $25 indigent administrative assessment without first ascertaining his financial ability to pay these amounts. He did not, however, object to the imposition of fees at arraignment or at sentencing. When

4

a defendant does not object below to an alleged error, we review solely for fundamental error. *State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id., quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* ¶ 20.

¶8　　　　The fees at issue were imposed pursuant to A.R.S. § 11-584 and Rule 6.7(d), Ariz. R. Crim. P. Section 11-584(B)(1) authorizes the court to assess defendants "an indigent administrative assessment of not more than twenty-five dollars." Section 11-584(B)(3) permits the court to require a defendant to "repay to the county a reasonable amount to reimburse the county for the cost of the defendant's legal defense." Section 11-584(C) provides that when "determining the amount and method of payment[,] the court shall take into account the financial resources of the defendant and the nature of the burden that the payment will impose." Finally, Rule 6.7(d) provides that, if the court determines the defendant has the "financial resources which enable him or her to offset in part the costs of the legal services to be provided, the court shall" require the defendant to pay "such amount as [the court] finds he or she is able to pay without incurring substantial hardship."

5

¶9 Before imposing fees pursuant to § 11-584 and Rule 6.7(d), the court is required to make specific factual findings that the defendant has the ability to pay the fees imposed and that the fees will not cause a substantial hardship. *State v. Taylor*, 216 Ariz. 327, ¶ 25, 166 P.3d 118, 125 (App. 2007). The court must also make a finding regarding the actual cost of the legal services provided. *See id.* However, if a defendant fails to pay the assessed fees, counsel cannot withdraw and the defendant will not face contempt proceedings. Ariz. R. Crim. P. 6.7(d); *see also Espinoza v. Superior Court*, 166 Ariz. 557, 561-62, 804 P.2d 90, 94-95 (1991). Rather, the order of fees may only be enforced as a civil judgment. *See* Ariz. R. Crim. P. 6.7(d); *Espinoza*, 166 Ariz. at 562, 804 P.2d at 95.

¶10 The court imposed these fees at Moreno-Medrano's arraignment and reconfirmed the obligation at sentencing. It is unclear from the record whether the court had all of Moreno-Medrano's financial information available to it at the arraignment, but it did not make express findings regarding Moreno-Medrano's financial status at either hearing.

¶11 Division One of this court has held that the failure to make the required findings before imposing attorney fees constituted fundamental error. *See State v. Lopez*, 175 Ariz. 79, 82, 853 P.2d 1126, 1129 (App. 1993). The court predicated its conclusion in *Lopez* on the observation that the right to counsel is fundamental under both the United States and Arizona Constitutions. *Id.* It then concluded that, therefore, the failure to make the findings provided for in Rule 6.7(d) was fundamental error. *Lopez*, 175 Ariz. at 82, 853 P.2d at 1129.

6

**¶12** We cannot agree that the fundamental nature of the right to counsel compels the conclusion that the court's failure to make the requisite findings regarding reimbursement constitutes fundamental error. The *Lopez* court cited *Espinoza* for its holding that the contribution provisions in § 11-584 and Rule 6.7(d) do not violate a defendant's fundamental right to representation. *Lopez*, 175 Ariz. at 82, 853 P.2d at 1129. *Espinoza* so held because "[c]ounsel cannot withdraw, and the defendant does not face potential imprisonment for contempt for failing to comply with the order." 166 Ariz. at 561-62, 804 P.2d at 94-95. Thus, a defendant's fundamental right to counsel remains intact regardless of the reimbursement order or the defendant's failure to comply with it.

**¶13** Moreover, *Lopez* preceded *Henderson* and its clarification of the fundamental error standard. And failing to make the required findings cannot fairly be characterized as one of those "rare" circumstances that deprives the defendant of a right essential to his defense or otherwise renders it impossible for him to have had a fair trial. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. After *Henderson*, we conclude this part of *Lopez* is no longer correct and find that the imposition of the fees without the findings was not fundamental error.

**¶14** We also conclude that Moreno-Medrano has failed to show that the trial court did not consider his financial ability in imposing these fees and thereby committed fundamental error. Both a report prepared by pretrial services before his arraignment and the presentence report contained information about Moreno-Medrano's financial

7

circumstances. Nothing in the record indicates that the court failed to consider this information. *See State v. Medrano*, 185 Ariz. 192, 196, 914 P.2d 225, 229 (1996) ("Judges are presumed to know and follow the law and to consider all relevant sentencing information before them."). Moreover, Moreno-Medrano has not produced any authority to suggest an alleged error in considering his ability to pay is fundamental. *See Henderson*, 210 Ariz. 561, ¶¶ 22, 24, 115 P.3d at 608 (appellant has burden to show error and that error is fundamental).

¶15 Moreno-Medrano also appears to argue it would have been fundamental error to impose the fees even if the court had made the requisite findings. He claims that information in the presentence report shows he did not have the financial ability to contribute to the cost of his defense and cites *State v. Torres-Soto*, 187 Ariz. 144, 146, 927 P.2d 804, 806 (App. 1996), for the proposition that "overriding considerations about integrity of [the] justice system" render the imposition of attorney fees fundamental error when a defendant clearly cannot afford such fees. But the basis for finding fundamental error in *Torres-Soto* was the imposition of $85,500 in surcharges pursuant to A.R.S. §§ 12-116.01 and 12-116.02, despite information in the presentence report suggesting the defendant was a "pauper." 187 Ariz. at 145-46, 927 P.2d at 805-06. The court essentially concluded that the trial court had abused its discretion in imposing the surcharges and that the abuse was so egregious that it rose to the level of fundamental error. *See id.* The court in *Torres-Soto* specifically noted, however, that in the absence of fundamental error

8

involving the $85,500 in surcharges, the court would not have addressed any alleged error with respect to the "unobjected-to imposition of [a $375] attorneys' fee[]," despite the lack of findings below. *Id.* at 145, 927 P.2d at 805, *citing Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) (errors in imposing attorney fees not raised at trial waived on appeal). Here, Moreno-Medrano did not object to the fees or the failure to make findings and was assessed no more than $425. The "overriding considerations" present in *Torres-Soto* are simply not present here. The trial court therefore did not commit fundamental error in imposing the fees.

### Criminal Restitution Order

¶16 Moreno-Medrano further argues the trial court erred in reducing the $400 attorney fee and $25 indigent administrative assessment ordered under A.R.S. § 11-584(B) to a judgment and entering a criminal restitution order at sentencing. He contends that A.R.S. § 13-805 only permits those fees to be reduced to a criminal restitution order at the completion of a defendant's sentence or term of probation and that the error alleged here will result in immediate accrual of interest on his obligation under § 13-805(C). Because Moreno-Medrano failed to object below, we again review solely for fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607. Moreno-Medrano bears the burden of demonstrating that error occurred, that it was fundamental, and that it prejudiced him. *See id.* ¶¶ 19-20, 23.

9

**¶17** Moreno-Medrano does not argue the alleged error was fundamental. *See State v. Ramsey*, 211 Ariz. 529, n.6, 124 P.3d 756, 766 n.6 (App. 2005) (noting defendant's failure to argue fundamental error); *State v. Cons*, 208 Ariz. 409, ¶ 3, 94 P.3d 609, 611 (App. 2004) (same); *see also* Ariz. R. Crim. P. 31.13(c)(1)(vi). That argument is therefore waived. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989).

**¶18** Additionally, we have held in a different context that fees ordered under § 11-584(B) "are not punitive in nature or related to other court-imposed penalties." *State v. Connolly*, 216 Ariz. 132, ¶ 3, 163 P.3d 1082, 1082-83 (App. 2007); *see also* § 13-805(C) (criminal restitution order continues in effect after sentence is served). Thus, even if Moreno-Medrano is correct that the trial court erred, we cannot see how reducing non-punitive fees the court was authorized to impose to a criminal restitution order could result in an illegal sentence. *See* Ariz. R. Crim. P. 26.1(b) (defining sentence as "the pronouncement by the court of the *penalty* imposed upon the defendant after a judgment of guilty") (emphasis added). Nor could it otherwise be construed as "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). Accordingly, absent any argument or authority that the alleged error here was fundamental, Moreno-Medrano cannot sustain his burden in a fundamental error analysis.

**Insistence on Innocence at Sentencing**

**¶19** Moreno-Medrano last contends that, in sentencing him, the trial court improperly adopted the prosecutor's position that Moreno-Medrano's insistence on his innocence was a factor supporting a presumptive sentence. Because he failed to raise this issue below, we review solely for fundamental error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607; *see also State v. Ruggiero*, 211 Ariz. 262, n.6, 120 P.3d 690, 697 n.6 (App. 2005).

**¶20** A defendant's refusal "to publicly admit his guilt . . . is irrelevant to a sentencing determination." *State v. Carriger*, 143 Ariz. 142, 162, 692 P.2d 991, 1011 (1984). Because it is improper to do so, we presume the court did not consider Moreno-Medrano's insistence on his innocence unless the record indicates otherwise. *See State v. Phillips*, 202 Ariz. 427, ¶ 51, 46 P.3d 1048, 1059 (2002) (presuming trial court considered only proper evidence at sentencing).

**¶21** At sentencing, the trial court stated:

> Mr. Moreno-Medrano, I have considered your letter, as I said, even though to the presentence report author you still maintain your innocence. And you're entitled to do so, but I have considered the fact that you have indicated, if you will, a sense of remorse with respect to the situation. And that was clearly evident in your letter.

Although the court mentioned that Moreno-Medrano maintained his innocence and had the right to do so, it did not state that it considered Moreno-Medrano's insistence on his innocence as a factor in sentencing him. Indeed, the statement suggests the court considered

Moreno-Medrano's remorse, not his insistence on his innocence. Nothing in the record contradicts the presumption that the court considered only evidence properly related to the sentencing decision. *See Phillips*, 202 Ariz. 427, ¶ 51, 46 P.3d at 1059. We therefore find no error, fundamental or otherwise.

**Conclusion**

¶22        Based on the foregoing, Moreno-Medrano's convictions and sentences are affirmed.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
J. WILLIAM BRAMMER, JR., Judge