NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER E. LUA, *Appellant.*

No. 1 CA-CR 12-0819
FILED 07-29-2014

———————————————

Appeal from the Superior Court in Mohave County
No. S8015CR20100834
The Honorable Steven F. Conn, Judge

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

---

**D O W N I E**, Judge:

¶1         Christepher Lua appeals his convictions and sentences for attempted manslaughter, aggravated assault, misconduct involving weapons, and assisting a criminal street gang.  In a separate opinion, we affirm the attempted manslaughter convictions.  In this memorandum decision, we affirm Lua's remaining convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2         D.G. and D.C. were leaving a convenience store when Lua and other men who were gathered around a nearby car began verbally taunting them.  Events progressed quickly to a physical altercation.  D.G. and D.C. returned to their vehicle.  After hearing someone yell "coward," D.C. gestured as if he were grabbing something from his car and ran back toward the other vehicle, where Lua was now in the driver's seat.  D.C.'s hand was behind his back as he approached.   When D.C. was approximately two feet away, Lua shot him.  D.G. then ran toward Lua and began grabbing his arm and hitting him.  Lua shot D.G. before fleeing.

¶3         During a police interview, Lua admitted shooting D.C. several times but said that he did so because he believed D.C. had a gun and "was going to shoot us."  Lua stated he discarded the gun used to shoot D.G. and D.C. and went to Mexico because he knew he was "wanted."

¶4         Lua was originally charged with two counts of attempted first degree murder (counts 1 and 2); two counts of aggravated assault

---

[1]     We view the trial evidence in the light most favorable to sustaining the jury's verdicts.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).  We grant Lua's Motion for Extension of Time to File Reply Brief and have considered that brief.

(counts 3 and 4); and one count of assisting a criminal street gang (count 5). Lua's first trial ended in a mistrial. The State subsequently charged Lua by separate indictment with one count of misconduct involving weapons arising from the same incident and successfully moved to join the charges under Arizona Rule of Criminal Procedure 13.3. The trial court also granted the State's unopposed motion to amend counts 1 and 2 to reduce the charges to attempted second degree murder.

¶5        At his second trial, Lua contended he was justified in shooting D.C. and D.G. on multiple grounds, including self-defense, defense of a third person, defense of an occupied vehicle, and crime prevention. *See* Arizona Revised Statutes ("A.R.S.") §§ 13-404, -406, -411, and -418. The jury, though, found Lua guilty of two counts of attempted manslaughter, two counts of aggravated assault, one count of assisting a criminal street gang, and one count of misconduct involving weapons. The court sentenced him to concurrent and consecutive prison terms.

¶6        Lua timely appealed. We have jurisdiction under Article VI, Section 9, of the Arizona Constitution and A.R.S. § 12–120.21(A)(1), 13–4031, and –4033(A)(1).

## DISCUSSION

### I.    Jury Instructions

#### A.    Burden of Proof re: Justification

¶7        When a defendant offers evidence of justification, "the state must prove beyond a reasonable doubt that the defendant did not act with justification." A.R.S. § 13-205(A); *see* Rev. Ariz. Jury Instr. ("RAJI") Stat. Crim. 4.04 (self defense), 4.06 (defense of third person), 4.07 (defense of premises), 4.11 (crime prevention), 4.18 (defense of occupied vehicle).[2] In the case at bar, the court instructed the jury as follows:

> If evidence is presented by the Defendant that he was justified in acting in self-defense, to protect a third person, to prevent the crime of Aggravated Assault, or in defense of an occupied vehicle, then the State must prove beyond a reasonable doubt that he was not so justified.

---

[2]        We refer to the criminal RAJIs in effect at the time of trial, which was prior to 2013 revisions.

The court further instructed jurors regarding the justification theories of self-defense, defense of a third person, use of force in crime prevention, and defense of an occupied vehicle. According to Lua, though, the court should have *sua sponte* added the following language to the above-quoted instruction: "If the State fails to carry this burden, then you must find the defendant not guilty of the charges [here, of attempted murder, manslaughter, aggravated assault, and assisting a criminal street gang]." We disagree.

¶8 "No party may assign as error on appeal the court's giving or failing to give any instruction . . . unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of his or her objection." Rule 21.3(c). "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *State v. Zaragoza*, 135 Ariz. 63, 66, 659 P.2d 22, 25 (1983). Because Lua did not request the language at issue, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not have received a fair trial. *Id.* at 568, ¶ 24, 115 P.3d at 608. In determining the propriety of jury instructions, we consider the instructions as a whole to determine whether they adequately reflect the law. *State v. Sierra-Cervantes,* 201 Ariz. 459, 462, ¶ 16, 37 P.3d 432, 435 (App. 2001).

¶9 We find no fundamental error. Instructing jurors that the State must prove beyond a reasonable doubt that Lua did not act with justification under any of the proffered theories, together with the general burden of proof instruction ("the State has the burden of proving the Defendant guilty beyond a reasonable doubt") was legally sufficient. *See, e.g.*, *State v. Cannon*, 157 Ariz. 107, 107, 755 P.2d 412, 412 (1988) (declining to find fundamental error because "the elements of self-defense were stated and the jury was instructed that the prosecution had to prove all of its case beyond a reasonable doubt").

### B. Apparent Attempted Use or Apparent Threatened Use of Unlawful Deadly Force

¶10 Lua also contends the trial court should have instructed jurors they could find his actions justified based on D.C.'s *apparent* attempted use or *apparent* threatened use of deadly force. We once again

review for fundamental error because Lua did not preserve this objection in the trial court. The court instructed jurors, in pertinent part:

> Self-defense or protection of a third person justifies the use or threat of physical force only while the apparent danger continues. The right to use physical force in self-defense or in protection of a third person ends when the apparent danger ends.

> Actual danger is not necessary to justify the use of physical force in self-defense or to protect a third person. It is enough if a reasonable person in the Defendant's situation would have believed that he or the third person was in immediate physical danger.

¶11 Additionally, during closing argument, defense counsel discussed the testimony of independent eyewitnesses and stated:

> Both of them said that if they were in Mr. Lua's position, they would have thought that [D.C.] had a gun in his hand as he approached that vehicle.

> Now, starting with the justification instruction. Actual danger is not necessary to justify the use of physical force in self-defense, or to protect a third person. It is enough that a reasonable person[] in the defendant's situation would have believed that he or the third person was in immediate physical danger.

¶12 The instructions given, in conjunction with the closing arguments of counsel, properly advised jurors that *actual* attempted or threatened use of deadly force was not required to justify Lua's actions. *See State v. Johnson,* 205 Ariz. 413, 417, ¶ 11, 72 P.3d 343, 347 (App. 2003) (appellate courts consider jury instructions, "in conjunction with the closing arguments of counsel."). Moreover, in instructing jurors about justification in the context of crime prevention, the court advised that "[t]he actual commission of the crime of Aggravated Assault is not necessary to justify the use or threatened use of physical force or deadly physical force in crime prevention. It is enough if a reasonable person in the person's situation would have believed that the crime of Aggravated Assault was being or would be committed." We find no error, fundamental or otherwise.

**C.      Innocent Third Party**

**¶13**          Lua next challenges the following jury instruction:

> Even if the Defendant was justified in threatening or using physical force or deadly physical force against one person, if in doing so he injured an innocent third person the justification for his conduct as to the one person is not available in a prosecution for the reckless injury to the innocent third person.

**¶14**          Lua cites a June 14, 2012 transcript, asserting he objected to this instruction as unsupported by the evidence.  That transcript, though, is from Lua's *first* trial.  Objections made during that trial did not carry forward to the second trial.  Our review would therefore be limited to fundamental error.  Lua, though, presents no argument in his opening brief regarding fundamental error and has thus waived the issue. *See State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶¶ 16-17, 185 P.3d 135, 140 (App. 2008) (declining to review for fundamental error when appellant failed to raise claim in trial court and failed on appeal to address whether alleged error was fundamental); *see also State v. Watson,* 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App. 2000) (arguments not presented until reply brief will not be considered).

**II.     Joinder:  Weapons Misconduct Charge**

**¶15**          Lua contends the court committed fundamental error by granting the State's motion to join the weapons misconduct charge and by failing to *sua sponte* sever the joined cases.  We assume, without deciding, that Lua did not invite this alleged error.  Rule 13.3(a), (c) states:

> **a. Offenses.** Provided that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information, or complaint, if they:
>
>> (1) Are of the same or similar character; or
>>
>> (2) Are based on the same conduct or are otherwise connected together in their commission; or
>>
>> (3) Are alleged to have been a part of a common scheme or plan.
>
> . . .

    **c. Consolidation.** If such offenses . . . are charged in separate proceedings, they may be joined in whole or in part by the court or upon motion of either party, provided that the ends of justice will not be defeated thereby.

Properly joined offenses may be severed by the court *sua sponte* and must be severed upon request if "necessary to promote a fair determination of the guilt or innocence of [the] defendant." Rule 13.4(a).

**¶16**    In granting the State's joinder motion, the trial court found that the two "sets of charges" were "clearly based on the same conduct" and "connected together in their commission." The record supports these determinations. As Lua himself concedes, the "shooting charges and the misconduct involving weapons charges arguably arose out of 'the same conduct' and were 'connected together.' Lua was a prohibited possessor at the time he committed the shooting and it was the act of using the gun during the shooting that led to both the attempted murder and aggravated assault charges and the misconduct involving weapons charge." The court instructed the jury:

> Evidence was admitted through the Stipulation that the Defendant was previously adjudicated delinquent in juvenile court for a felony. Such evidence was not admitted and may not be considered to prove that he is a bad person or that he has a disposition to engage in criminal conduct. You may consider that evidence only as it relates to the charge of Misconduct Involving Weapon[s].
>
> . . . .
>
> Each count charges a separate and distinct offense. You must decide each count separately on the evidence with the law applicable to it, uninfluenced by your decision on any other count. You may find that the State has proved beyond a reasonable doubt, all, some, or none of the charged offenses.

**¶17**    The trial court did not err by granting the State's joinder motion. Nor did it fundamentally err by not subsequently acting *sua sponte* to sever the charges. We have previously held that Rule 13.4 "does not require the court to order a severance; it only gives it the discretion to do so on its own initiative." *State v. Longoria*, 123 Ariz. 7, 10, 596 P.2d 1179, 1182 (App. 1979); *see also* Rule 13.4(a) cmt. ("The two standards — 'the court may on its own initiative, and shall on motion of a party' — are

intended to indicate the court's power to act on its own authority to sever, but to remove any implication that it has a duty to search out all severance issues on its own, for fear of creating fundamental error.").

**¶18** Even if Lua could demonstrate error, he has not established corresponding prejudice. "When a defendant challenges a denial of severance on appeal, he 'must demonstrate compelling prejudice against which the trial court was unable to protect.'" *State v. Murray,* 184 Ariz. 9, 25, 906 P.2d 542, 558 (1995). "[A] defendant is not prejudiced by a denial of severance where the jury is instructed to consider each offense separately and advised that each must be proven beyond a reasonable doubt." *State v. Johnson*, 212 Ariz. 425, 430, ¶ 13, 133 P.3d 735, 740 (2006) (internal citations omitted). The jury was so instructed here.

### III.    Prosecutorial Vindictiveness

**¶19** Due process protects a criminal defendant from prosecutorial decisions "motivated by a desire to punish him for doing something that the law plainly allowed him to do." *United States v. Goodwin,* 457 U.S. 368, 384 (1982). Prosecutors may not punish defendants for exercising their legal rights by later subjecting them to more severe charges. *Id.* at 372.

**¶20** Lua did not claim prosecutorial vindictiveness in the trial court. Our review is thus limited to fundamental error.

**¶21** Nothing in the record supports Lua's conclusory claim that the State acted vindictively in charging him with weapons misconduct after his first trial ended in a mistrial. Lua did nothing to cause the mistrial, so there is no logical nexus between that occurrence and a purported vindictive reaction by the State. Nor is Lua entitled to a presumption of vindictiveness, which would shift the burden of proof to the State. He offers no "realistic likelihood of vindictiveness," *see State v. Mieg,* 225 Ariz. 445, 448-49, ¶¶ 11-15, 239 P.3d 1258, 1261-62 (App. 2010), but only speculative claims about the prosecutor's motives. We find no fundamental error arising from prosecutorial vindictiveness.

### IV.    Witness Testifying in Prison Garb

**¶22** Finally, Lua contends the trial court erred by denying a motion to order jail personnel to provide an incarcerated defense witness with civilian clothes to wear while testifying. The motion Lua relies on was made in connection with his *first* trial. Lua does not identify where, if ever, he renewed his request in connection with his second trial. At best,

we would review this claim for fundamental error. However, Lua did not argue fundamental error in his opening brief and has therefore waived the issue. *See Moreno-Medrano*, 218 Ariz. at 354, ¶¶ 16-17, 185 P.3d at 140; *Watson*, 198 Ariz. at 51, ¶ 4, 6 P.3d at 755.

## CONCLUSION

**¶23** For the reasons stated, we affirm Lua's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh