NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN C. STUART, *Appellant*.

No. 1 CA-CR 14-0047

FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No. CR2008-106594-001 DT
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Droban & Company, PC, Anthem
By Kerrie M. Droban
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

**¶1**　　　　Defendant John Chester Stuart was convicted and sentenced for second-degree murder and drive-by shooting. He appeals by arguing that the trial court erred when it permitted Cynthia Cantrall to testify about his bad temperament because it constituted impermissible character evidence. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　　The victim, Tom, and his wife, Rebecca, were driving home from dinner on January 29, 2008, after attending the Phoenix Open golf tournament. Stuart, accompanied by his fiancé, Cynthia Cantrall, was driving behind them, when Stuart drove over a double yellow line and sped past Tom's car. After Stuart pulled in front of him, Tom "flashed his brights."

**¶3**　　　　At the next red light on Scottsdale Road, Tom stopped his car and Rebecca noticed that that Stuart's car was in the next lane. Stuart began "giving [them] the finger with both hands," and Rebecca "blew him a kiss" in response. Stuart also began yelling obscenities at them. Stuart then gunned his engine and pulled his car diagonally in front of Tom's car, blocking him. Tom got out of his car, but then put his hands up in surrender and began backing up. Stuart opened his driver's door, began to step out of the car and pointed a gun out of the car door. Cynthia yelled "[D]on't do it," and then Stuart shot Tom in the face. Tom died at the scene. Stuart fled in his car, but was later apprehended and arrested.

---

[1] We view the facts in the light most favorable to upholding the conviction. *State v. Lowery*, 230 Ariz. 536, 538, ¶ 2, 287 P.3d 830, 832 (App. 2012) (citation omitted).

**¶4**        A grand jury indicted Stuart for second-degree murder and drive-by shooting.  Following a remand to the grand jury, Stuart was re-indicted for the same charges.  Stuart was tried, but his first trial ended in a mistrial.

**¶5**        During the retrial, the State called Cynthia to testify even though Stuart had listed her as a witness.[2]  In addition to testifying about her relationship with Stuart, the prosecutor asked Cynthia: "Did Mr. Stuart ever display bad temperament to you around the time that this was happening in 2008?"  Stuart objected on the grounds of relevance.  After a brief sidebar, the judge overruled the objection.

**¶6**        Cynthia then testified, without objection, that early that month she and Stuart began "campaigning for Ron Paul for president" and Stuart became "involved" with a movie entitled "American Freedom to Fascism by Aaron," which was "about the IRS and the government and rights being taken away."  The movie so incensed Stuart that when he thought about it "he would get disturbed on the road."  She also testified that Stuart felt that people were not driving properly and he would get so disturbed that "he would flip people off and get mad and angry."  Sometimes, she testified, Stuart would "get in front of them and slam on his brakes . . . ."

**¶7**        The jury convicted Stuart as charged, and he was subsequently sentenced to concurrent terms of eighteen years and fourteen years in prison.  Stuart filed a timely notice of appeal.  We have jurisdiction over this appeal pursuant to Arizona Revised Statutes sections 12–120.21(A)(1), 13–4031, and –4033(A).[3]

## DISCUSSION

**¶8**        Stuart argues that the trial court erred by permitting the State to admit "impermissible character evidence."  Specifically, Stuart asserts that Cynthia "impermissibly testified concerning [his] 'bad temperament' near the time of the murder ostensibly to show [his] state of mind."

**¶9**        To preserve an evidentiary issue for appellate review, "[a] party must make a specific and timely objection at trial." *State v. Hamilton,* 177 Ariz. 403, 408, 868 P.2d 986, 991 (App. 1993); *see also State v. Cook*, 170 Ariz. 40, 58, 821 P.2d 731, 749 (1991); *see generally* Ariz. R. Evid. 103(a).  "A

_____

[2] The State gave Cynthia limited use immunity because she had given several different and inconsistent accounts of the incident before trial.
[3] We cite to the current version of the statute unless otherwise noted.

general objection, such as 'irrelevance,' [is] not sufficient to preserve the issue for appeal." *Hamilton*, 177 Ariz. at 408, 868 P.2d at 991. Further, objecting to the admission of evidence on one ground will not preserve the issue on other grounds. *Id.* at 408, 868 P.2d at 991; *see also State v. Lopez*, 170 Ariz. 112, 118, 822 P.2d 465, 471 (App. 1991).

**¶10** When a defendant fails to make a timely and specific objection at trial, we review solely for fundamental error. *State v. Lopez*, 217 Ariz. 433, 434-35, ¶ 4, 15 P.3d 682, 683-84 (App. 2008). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Moreno-Medrano*, 218 Ariz. 349, 352, ¶ 7, 185 P.3d 135, 138 (App. 2008) (internal citations and quotation marks omitted). To prevail, a defendant must show "that error occurred, that it was fundamental, and that it prejudiced him." *Id.* at 354, ¶ 16, 185 P.3d at 140. Moreover, where a defendant does not affirmatively argue that the alleged error is "fundamental" and brief the issue in that context, the issue is deemed abandoned and waived on appeal. *Id.* at 354, ¶ 17, 185 P.3d at 140; *see* Ariz. R. Crim. P. 31.13(c)(1)(vi).

**¶11** Here, Stuart did not object that Cynthia's testimony constituted impermissible character evidence. Rather, Stuart objected on the general ground of "relevance":

> Q. Did Mr. Stuart ever display bad temperament to you around the time that this was happening in 2008?
>
> MR. POSTER: Relevance?
>
> THE COURT: Approach, please.
>
> (Whereupon, a sidebar was had)
>
> MR. POSTER: Behavioral. Any — anything it is not relevant to the charge.
>
> [PROSECUTOR]: State of mind up to that night. I said around the time that this happened.
>
> MR. POSTER: State of mind if it is at the time of the incident.
>
> [PROSECUTOR]: Right, I said around the time.

> THE COURT:  Ask her the date again and you are avowing to the Court that you have spoken to her about this issue and she will say this was an ongoing situation in terms of the state of mind.  Overruled.

As the record reveals, Stuart did not raise the issue of character evidence and, as a result, failed to preserve that objection for appellate review.  We thus review his character objection on appeal only for fundamental error.  *See Hamilton*, 177 Ariz. at 408, 868 P.2d at 991.

¶12            Stuart argues, however, that *State v. Rankovich*, 159 Ariz. 116, 765 P.2d 518 (1988) controls our analysis.  There, the State presented evidence that was intended to show that the defendant was "an angry, violent man, and that he was not motivated by self-defense," and our supreme court stated it was character evidence and the defendant's relevance objection should be analyzed under Arizona Rule of Evidence 404(a) and for harmless error.  *Id.* at 119-20, 765 P.2d at 521-22.

¶13            Although our supreme court has not overruled the analysis in *Rankovich,* the court's decision in *State v. Henderson,* clearly stated that our review is not for harmless error, but for fundamental prejudicial error.  210 Ariz. 561, 567, ¶¶ 18-20, 115 P.3d 601, 607 (2005).  Moreover, the *Henderson* analysis of fundamental error review has been applied to evidentiary objections.  *See Lopez*, 217 Ariz. at 434-35, ¶ 4, 175 P.3d at 683-84 (finding that an objection on one ground does not preserve the issue on another ground and, as a result, we only review for fundamental error).  Consequently, our review is not for harmless error but fundamental error.

¶14            Despite Stuart's reliance on *Rankovich* and his failure to argue that the court's error was fundamental, we have reviewed Cynthia's testimony to determine if there is any fundamental prejudicial error.  *See State v. Fernandez*, 216 Ariz. 545, 554-55, ¶ 32, 169 P.3d 641, 650-51 (App. 2007) (court will not ignore fundamental error if it sees it).  We find no fundamental prejudicial error.  Cynthia's testimony was relevant to demonstrate Stuart's general state of mind when he was driving — that he could get angry at other motorists based on his perception of their driving skills.  Her testimony, coupled with the other testimony the jury heard and evaluated — Stuart passed Tom's car despite a double yellow line; Tom then flashed his lights at him; and the events at the red traffic control light — do not demonstrate that the court had to sua sponte preclude the evidence based on a relevancy objection or that it demonstrated fundamental prejudicial error.  Consequently, we find no reversible error.

## CONCLUSION

¶15 For the foregoing reasons, we affirm Stuart's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama