NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK ERIC MCKNELLY, *Appellant.*

No. 1 CA-CR 14-0547
FILED 3-17-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-457708-001
The Honorable Robert L. Gottsfield, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

**¶1**        Appellant Patrick Eric McKnelly appeals his sentences following convictions for one count of possession or use of dangerous drugs, a class 4 felony, and one count of possession of drug paraphernalia, a class 6 felony.[1]  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        McKnelly was indicted and convicted of one count of possession or use of dangerous drugs and one count of possession of drug paraphernalia.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3407 (Supp. 2015),[2] -3415 (2010).

**¶3**        At the aggravation phase hearing, the State sought to prove McKnelly had two historical prior convictions and that there was an aggravating circumstance—McKnelly was on parole at the time of the instant offense.[3]   McKnelly objected to the jury instruction  because it referenced the nature of the prior offense for which he was on parole:

> The State alleges there is an aggravating factor as follows:  At the time defendant committed the offense for which you have found him guilty on December 3, 2013, he was on parole in CR 2007-008415 for the crime of conspiracy to sell dangerous drugs, to wit: Methamphetamine, a Class 2

---

[1] McKnelly does not appeal his convictions.

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[3] We recognize that the legislature eliminated the possibility of parole for crimes committed after January 1, 1994.  *State v. Rosario*, 195 Ariz. 264, 268, ¶ 26 (App. 1999).  However, the trial court, parties, and jury instructions refer to "parole," so we use "parole" in this decision for clarity and consistency.

felony, for which he was convicted on July 28, 2008, in the
Superior Court of Maricopa County, State of Arizona.

McKnelly argued that including the nature of the crime in the instruction
was more prejudicial than probative because his current offense also
involved methamphetamine. The trial court determined the instruction
was not prejudicial because the jury only needed to determine whether
McKnelly was on parole. Ultimately, the trial court utilized the instruction
over McKnelly's objection without removing the reference to the nature of
the offense.

**¶4**        To prove McKnelly was on parole, the State introduced a
redacted pen pack[4] identifying the dates McKnelly was released on parole,
absconded, and returned. The pen pack excluded all information regarding
McKnelly's prior convictions except the conviction resulting in parole. The
pen pack did not explicitly name the offense for which McKnelly was on
parole, but it did contain a citation to the statute codifying the offense.
McKnelly objected to admission of the pen pack due to a lack foundation,
arguing that the use of an old photo in the pen pack to identify him was
insufficient. The trial court admitted the pen pack over McKnelly's
objection.

**¶5**        The jury found the State proved McKnelly's parole status
beyond a reasonable doubt, and the trial court found the State proved
McKnelly's prior felonies by clear and convincing evidence. The court
sentenced McKnelly to a presumptive term of 10 years' imprisonment for
Count 1 and a presumptive term of 3.75 years' imprisonment for Count 2,
both sentences to run concurrently. *See* A.R.S. § 13-703(C), (J) (Supp. 2015).
The court also required McKnelly to pay a $1,830 fine, a $20 time payment
fee pursuant to A.R.S. § 12-116 (Supp. 2015), a penalty assessment of $13
pursuant to A.R.S. § 12-116.04 (Supp. 2015), and a $15 technical registration
fund fee. Finally, the court required community supervision pursuant to
A.R.S. § 13-603(I) (2010) and DNA testing pursuant to A.R.S. § 13-610 (Supp.
2015).

---

4 "Pen pack" refers to records kept by the Arizona Department of
Corrections in compliance with state law. A.R.S. § 31–221 (2002) ("The state
department of corrections shall maintain a master record file on each person
who is committed to the department"); *see State v. Solis*, 236 Ariz. 242, 244
n.1 (App. 2014).

¶6        McKnelly timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21 (2003), 13-4031 (2010), and -4033(A)(1) (2010).

## DISCUSSION

¶7        McKnelly argues the trial court abused its discretion by refusing to sanitize the nature of his prior conviction during the aggravation phase. He argues that the aggravation instructions informed the jury of his previous methamphetamine conviction, prejudicing him by tainting the jury's determination that the State had proven the aggravating factor. If there was any error, which there was not, we disagree that it prejudiced McKnelly.[5]

¶8        We review a trial court's ruling on the admissibility of prior convictions and sanitization for an abuse of discretion. *State v. Montano*, 204 Ariz. 413, 426, ¶ 66 (2003) (sanitization); *State v. Green*, 200 Ariz. 496, 498, ¶ 7 (2001) (admissibility of prior convictions). A trial court abuses its discretion if it commits an error of law or reaches a conclusion without considering the evidence, or if the record fails to provide substantial evidence to support the trial court's finding. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 189, ¶ 58 (App. 2008).

¶9        McKnelly appropriately concedes that discussion of sanitization typically arises in the context of impeachment of a witness under Arizona Rule of Evidence ("Rule") 609. Rule 609(a) allows admission of a prior felony conviction to impeach a witness if its probative value outweighs its prejudicial effect. "[P]otential prejudice to a defendant may be mitigated by prohibiting the prosecution from revealing the nature of the prior convictions," *State v. White*, 160 Ariz. 24, 31 (1989), otherwise known as "sanitization" of the conviction. However, McKnelly argues the underlying purpose of sanitization equally applies to aggravation phase proceedings.

---

[5] McKnelly also contends that the pen pack corroborated the reference to his prior conviction. We do not read this statement as arguing the court abused its discretion by admitting the pen pack without removing reference to the prior offense. In any event, McKnelly did not object to introduction of the pen pack on that ground, thus waiving this argument on appeal absent fundamental error. *State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 16 (App. 2008). Nor does he claim that this was fundamental error, thus waiving the issue entirely. *Id.*

¶10            We disagree.  Sanitization exists to prevent the jury from unfairly inferring that because the defendant previously committed a similar offense "he probably did so this time."  *State v. Bolton*, 182 Ariz. 290, 303 (1995) (internal quotation marks and citation omitted).  Here, however, no such risk existed because the jury already concluded McKnelly was guilty and convicted him before learning that his prior offense involved methamphetamine.  Parole status is "not used to determine guilt, but only to enhance" or aggravate a defendant's sentence upon conviction, *State v. Hurley*, 154 Ariz. 124, 128 (1987), *called into doubt on other grounds by State v. Gross*, 201 Ariz. 41, 44-45, ¶¶ 11-15 (App. 2001).  Rule 609, and sanitization, are inapplicable to the aggravation phase of a trial when the only issue is whether the defendant was on parole at the time of the present offense.

¶11            Nor is the instruction reversible error.  "Improper admission of evidence of prior convictions is subject to harmless error analysis."  *Bolton*, 182 Ariz. at 303.  "[A]n error is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict."  *Id.* (internal quotation marks and citation omitted).

¶12            Here, the jury had already convicted McKnelly when asked to determine whether he was on parole for his prior offense.  The State presented evidence demonstrating McKnelly was on parole at the time he committed the instant offense, including the pen pack identifying the dates McKnelly was released on parole, absconded, and returned, as well as police officer testimony establishing McKnelly admitted he was on parole when arrested for the instant offense.  *See State v. Avila*, 147 Ariz. 330, 338-39 (1985) (determining Department of Corrections' documents are sufficient to prove crime was committed while on release status).  There is no logic in McKnelly's argument that because his prior and current offenses both involve methamphetamine, a jury would unfairly infer that when he committed the instant offense he was a parolee.  Any error is harmless beyond a reasonable doubt because it could not have affected the guilty verdicts and did not influence the sentencing.

**CONCLUSION**

**¶13**         The trial court did not abuse its discretion by declining to sanitize the nature of McKnelly's prior conviction during the aggravation phase.  Accordingly, we affirm McKnelly's sentences.[6]



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama

---

[6] Although we find no error in the trial court's failure to sanitize the aggravation phase instructions, we note that our case law has consistently upheld the use of sanitization to avoid the prejudicial effect of prior felony convictions used for impeachment.  *See, e.g.*, *State v. Montano*, 204 Ariz. at 426, ¶ 66; *State v. Williams*, 144 Ariz. 479, 482 (1985).  In a case such as this, when there is no need for the jury to know the nature of the defendant's prior crime for purposes of determining if he was on parole when he committed the instant offense, it might be the better course to sanitize the prior conviction.