NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

TERESA MARIE JAIME, *Appellant*.

No. 1 CA-CR 15-0676
FILED 8-30-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CR201401484
The Honorable Lee F. Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**T H O M P S O N**, Judge:

¶1 Teresa Marie Jaime (defendant) appeals from the trial court's sentencing order requiring her to pay a total of $500.00 in attorneys' fees and $65.00 per month in probation fees. For the following reasons, we affirm the decision of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

¶2 A Mohave County Sherriff's deputy stopped defendant for a traffic violation in January 2014. The deputy saw a marijuana pipe in plain view in defendant's driver's compartment. Defendant admitted that the pipe contained marijuana and gave the deputy consent to search her vehicle. The deputy then found a methamphetamine pipe containing .14 grams of methamphetamine in defendant's jacket. Defendant maintained that someone else gave her the jacket and the methamphetamine and pipe did not belong to her.

¶3 The state charged defendant with one count of possession of dangerous drugs, a class 4 felony, one count of possession of marijuana, a class 6 felony, and two counts of possession of drug paraphernalia, class 6 felonies. After a jury trial, defendant was convicted as charged. The trial court suspended the imposition of sentencing and placed defendant on probation for one year. The court ordered her to pay $500.00 in attorneys' fees and $65.00 in probation fees.[1] Defendant timely appealed. We have

---

[1] At sentencing, the trial court had a presentence investigation report from the probation department indicating that defendant earned $300 per month doing landscaping, cutting wood, and doing odd jobs. When the court asked defendant if she had any corrections or additions to make to the report, she indicated that, with regard to her employment, she would be starting to cut wood for a local ranch because "the wood season is upon us." There is nothing in the record, however, indicating how much more

jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) (2016), 13-4031 (2010), and -4033(A) (2010).

**DISCUSSION**

**¶4**        Defendant raises one issue on appeal:  whether the trial court committed fundamental error by requiring her to pay $500.00 in attorneys' fees and $65.00 per month in probation fees without making findings as to her ability to pay.[2]  Because defendant did not object to the order imposing fees, we review for fundamental error.  *See State v. Moreno-Medrano*, 218 Ariz. 349, 352, ¶ 7, 185 P.3d 135, 138 (App. 2008).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial."  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (citations omitted).  Under this standard of review, a defendant must show 1) the existence of fundamental error, and 2) the error caused the defendant prejudice.  *Id.* at ¶ 20.

**¶5**        Arizona Revised Statutes (A.R.S.) § 11-584(C) provides that the court may require an indigent defendant who is represented by the public defender's office to repay the county "a reasonable amount" towards the cost of the defendant's legal services.  Arizona Rule of Criminal Procedure 6.7(d) provides, in relevant part:

> If in determining that a person is indigent . . . the court finds that such person has financial resources which enable him or her to offset in part the costs of the legal services to be provided, the court shall order him or her to pay to the appointed attorney or the county . . . such amount as it finds he or she is able to pay without incurring substantial hardship to himself or herself or to his or her family.

---

defendant would earn per month during wood-cutting season or for how long.

[2]        The court ordered defendant to pay the attorneys' fees and her assessments other than the monthly probation fee at a rate of $100.00 per month.

Arizona Revised Statutes § 13-901(A) provides that when granting probation to an adult defendant, the court shall assess a monthly probation fee of $65.00 per month, unless the court assesses a lesser fee after determining the inability of the probationer to pay the fee.

**¶6** Defendant acknowledges that in *State v. Moreno-Medrano*, Division Two of this court held that a court's imposition of fees pursuant to section 11-584 without making the findings provided for in Rule 6.7(d) was not fundamental error. *See* 218 Ariz. 349, 353, ¶ 13, 185 P.3d 135, 139 (App. 2008), *review denied*. She urges us to instead follow this court's earlier decision in *State v. Lopez*, 175 Ariz. 79, 82, 853 P.2d 1126, 1129 (App. 1993) (court's failure to make express findings was fundamental error because defendant's constitutional right to counsel was violated). We agree with the *Moreno-Medrano* court that it is not fundamental error for a trial court to fail to make a finding that a defendant is able to pay a portion of the cost of his or her legal services. A court's failure to make such findings is not an error of such magnitude that a defendant's right to a fair trial is affected. Nor is it one of those "rare" circumstances which would deprive a defendant of a right essential to his or her defense. *See Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607. "Although findings of fact and conclusions of law are certainly helpful on appellate review, they do not go to the foundation of the case" and a lack of findings does not deprive a party of a fair hearing. *Trantor v. Fredrikson*, 179 Ariz. 299, 300-01, 878 P.2d 657, 658-59 (1994). We decline defendant's suggestion that we follow *Lopez*, a case decided before our supreme court clarified Arizona's fundamental error standard in *Henderson*. *See Moreno-Medrano*, 218 Ariz. at 353, ¶ 13, 185 P.3d at 139 ("After *Henderson*, we conclude this part of *Lopez* is no longer correct and find that the imposition of the fees without the finding was not fundamental error.").

**¶7** Further, we cannot agree with defendant's conclusion that the trial court "failed to conduct any inquiry" concerning her financial resources or her ability to pay fees totaling $165 per month and that she was prejudiced by the lack of express factual findings. The court had before it defendant's presentence report indicating that she was working part-time, and she informed the court at sentencing that she would soon be working even more at a local ranch doing seasonal work. On this record, the court could have reasonably concluded that defendant could pay her probation fees and $500 in attorneys' fees without substantial hardship.

**¶8** Defendant argues that the imposition of fees could subject her to incarceration if she fails to pay them. As the state points out, defendant can only become incarcerated if she willfully chooses not to pay the fees

and was able to do so. Nor could she be held in contempt if she was unable to pay the fees. Nothing in this decision precludes defendant from arguing that if she fails to pay the fees, she was unable to pay them.

**CONCLUSION**

**¶9**        Because defendant did not object to the trial court's order imposing fees without explicit factual findings and because the imposition of fees was not fundamental error, we affirm the decision of the trial court.



Amy M. Wood • Clerk of the court
FILED:   AA