IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Appellee*,

*v.*

LUIS ARMANDO VARGAS,
*Appellant.*

No. CR-19-0071-PR
Filed July 31, 2020

Appeal from the Superior Court in Pima County
The Honorable Kenneth Lee, Judge
No. CR20144526-001

Memorandum Decision of the Court of Appeals, Division Two
No. 2 CA-CR 2016-0324
Filed Jan. 29, 2019
**VACATED IN PART AND REMANDED IN PART**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Joseph T. Maziarz (argued),
Chief Counsel, Criminal Appeals Section, Michael T. O'Toole, Assistant
Attorney General, Phoenix, Attorneys for State of Arizona

Joel Feinman, Pima County Public Defender, Erin K. Sutherland (argued),
Deputy Public Defender, Tucson, Attorneys for Luis Armando Vargas

JUSTICE MONTGOMERY authored the opinion of the Court, in which
CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and
JUSTICES BOLICK, GOULD, LOPEZ, and BEENE joined.

JUSTICE MONTGOMERY, opinion of the Court:

¶1        A defendant presenting an appellate claim of fundamental error due to prosecutorial misconduct may base his claim on a single alleged instance of misconduct or he may allege that multiple instances occurred, which cumulatively amount to fundamental error.   In either case, the defendant must establish that misconduct occurred.   We hold today that a defendant claiming fundamental error due to cumulative prosecutorial misconduct does not have to assert fundamental error for every allegation in order to preserve for review the argument that misconduct occurred.   In doing so, we disapprove of *State v. Moreno-Medrano*, 218 Ariz. 349 (App. 2008), as authority to the contrary.

**I.**

¶2        A jury found Luis Armando Vargas guilty of several offenses, including first degree murder, resulting in a sentence of natural life in prison with a consecutive term of imprisonment.

¶3        On appeal, Vargas argued that the prosecutor engaged in a "pervasive pattern of misconduct [that] cumulatively deprived [him] of his right to a fair trial."   Because trial counsel did not object to the alleged misconduct at trial, appellate counsel argued that the court of appeals should review the claim of cumulative misconduct for fundamental error. He began his argument by setting forth the standard of review for fundamental error and asserting that the allegations of misconduct must be considered collectively, stating:

> When a defendant objects to an alleged act of prosecutorial misconduct, the issue is preserved; when a defendant fails to object, the court engages in fundamental error review. . . . Even if the alleged acts of misconduct do not individually warrant reversal, the court must determine whether the acts contribute to a finding of persistent and pervasive misconduct.

¶4        To support his claim, Vargas alleged eleven different instances of purported misconduct, some involving multiple acts.   For each allegation, he cited to the record where it occurred and cited legal authority to support that each instance constituted misconduct.   He did not, however, argue that each allegation standing alone was fundamental error.   Instead, Vargas argued that "[a]lthough certain instances of

misconduct may not have caused great harm, when the cumulative effect is considered, it is evident that Luis Vargas was denied his right to a fair trial." He concluded by reiterating that the alleged misconduct "amounted to fundamental prejudicial error" and that the court of appeals "must reverse his convictions and remand the case for a new trial."

¶5        The State responded that Vargas waived his right to challenge most of the instances of alleged misconduct because he had failed to object at trial and he had not argued fundamental error as to *each* allegation on appeal.   Vargas replied that, with respect to the specific instances in question, he had "indicated from the outset that no objection was made at trial and fundamental error review applied."

¶6        For all but three of the alleged incidents of misconduct cited by Vargas, the court of appeals concluded that because he failed to set forth an argument of fundamental error for each allegation, he waived argument that error occurred.   *State v. Vargas*, No. 2 CA-CR 2016-0324, 2019 WL 366444, at *3–8 ¶¶ 13–14, 20–21, 23, 25, 27, 32, 39–40, 42 (Ariz. App. Jan. 29, 2019) (mem. decision).   For each of these conclusions, the court cited to *Moreno-Medrano*, 218 Ariz. at 354 ¶ 17, which held that the failure to argue an alleged error was fundamental waives the argument for appellate review.   *Id.*   The court ultimately concluded that Vargas failed to successfully argue misconduct for any of his allegations, including the three resolved without a citation to *Moreno-Medrano*.   *Id.* at *2 ¶ 9. Accordingly, the court concluded he also failed to establish cumulative error based on misconduct.   *Id.*   After considering other issues raised by Vargas, the court affirmed his convictions and sentences.   *Id.* at *13 ¶ 64.

¶7        We accepted review to address whether a defendant may preserve consideration of individual instances of misconduct for cumulative error review without also separately arguing fundamental error for each allegation.   This is an issue of recurring statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## II.

¶8        Vargas argues that the court of appeals erred in concluding that he failed to establish any prosecutorial misconduct and therefore also erred in concluding there was no cumulative error.

**¶9**        "[W]e review the interpretation of court rules de novo and apply principles of statutory construction when doing so." *State v. Winegardner*, 243 Ariz. 482, 484 ¶ 5 (2018) (internal citations omitted).

### A.

### 1.

**¶10**        To properly raise and develop a claim of error on appeal, Arizona Rule of Criminal Procedure 31.10(a)(7) states that a defendant's opening brief must include:

> (A) appellant's contentions with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies.   The argument may include a summary.

> (B) for each issue, references to the record on appeal where the issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority.

**¶11**        Before addressing whether Vargas adequately developed his claim of cumulative error, we note that cases addressing similar claims based on prosecutorial misconduct have not presented a consistent framework for review.[1]   *Compare State v. Hughes*, 193 Ariz. 72, 79 ¶ 26 (1998) (discussing the cumulative effect doctrine regarding prosecutorial misconduct in general and making no distinction between harmless and

---

[1] Prior cases are also inconsistent in discussing whether a claim of error that is, in fact, not error can still be considered for a finding of cumulative error. *Compare State v. Roque*, 213 Ariz. 193, 228 ¶ 155 (2006) (stating that "even if there was no error . . . an incident may nonetheless contribute to a finding of persistent and pervasive misconduct") *abrogated on other grounds by State v. Escalante-Orozco*, 241 Ariz. 254, 267 ¶ 14 (2017) *abrogated on other grounds by State v. Escalante*, 245 Ariz. 135, 140 ¶¶ 15–16 (2018), *with State v. Hulsey*, 243 Ariz. 367, 388 ¶ 88 (2018) (considering only claims that constitute error in a cumulative error review).   Since neither party addressed this apparent inconsistency, and it is not at issue in Vargas' claim of cumulative error, we do not address it.

fundamental error review in considering misconduct claims), *with State v. Bocharski*, 218 Ariz. 476, 491–92 ¶ 74 (2008) (making an explicit distinction between the standard of review if the defendant has objected to error or not); *compare Roque*, 213 Ariz. at 228 ¶ 155 (2006) (stating that after reviewing an allegation for error, a court must then assess whether to include it for cumulative error review before then evaluating allegations for cumulative error), *with Hulsey*, 243 Ariz. at 388 ¶ 88 (2018) (citing to *Roque*, but only reviewing established claims of error for cumulative error).

**¶12**      To harmonize our case law and preclude any confusion regarding the showing a defendant must make when claiming cumulative error based on prosecutorial misconduct, we initially direct litigants and appellate courts to utilize the framework set forth in *State v. Escalante*:

> [T]he first step in fundamental error review is determining whether [] error exists. If it does, an appellate court must decide whether the error is fundamental. . . . A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial. If the defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice. . . . If the defendant establishes the third prong, he has shown both fundamental error and prejudice, and a new trial must be granted. The defendant bears the burden of persuasion at each step.

245 Ariz. 135, 142 ¶ 21 (2018) (internal citations omitted).

**¶13**      Consistent with the third prong of *Escalante*, a defendant claiming cumulative error based on prosecutorial misconduct need not separately assert prejudice since a successful claim necessarily establishes the unfairness of a trial. *See, e.g.*, *Roque*, 213 Ariz. at 228 ¶ 152 (characterizing a successful claim of prosecutorial misconduct as one where the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process") (quoting *Hughes*, 193 Ariz. at 79 ¶ 26). Nonetheless, if a defendant simply asserts a general claim of error on appeal and fails to develop it, a court is not obligated to consider

5

it. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

¶14 Accordingly, where a defendant raises a claim on appeal that multiple incidents of prosecutorial misconduct, for which he failed to object, cumulatively deprived him of a fair trial, consistent with Rule 31.10(a)(7) and *Escalante*, the defendant must: 1) assert cumulative error exists; 2) cite to the record where the alleged instances of misconduct occurred; 3) cite to legal authority establishing that the alleged instances constitute prosecutorial misconduct; and 4) set forth the reasons why the cumulative misconduct denied the defendant a fair trial with citation to applicable legal authority. The defendant is not required to argue that each instance of alleged misconduct individually deprived him of a fair trial. Likewise, a defendant need not argue that the trial court committed fundamental error by failing to sua sponte grant a new trial in each instance.

**2.**

¶15 Applying this framework to Vargas's appellate claim of error, he indisputably argued that cumulative error entitled him to a new trial due to pervasive prosecutorial misconduct. He cited to specific instances of alleged misconduct in the record, cited authority in support of the claim that misconduct occurred, and argued that, overall, the misconduct denied him a fair trial. Although he did not argue that each instance of misconduct constituted fundamental error—which he was not required to do—he did properly present each allegation for the court of appeals to determine whether misconduct occurred for a cumulative error review. Whether Vargas has carried his burden of persuasion to establish that misconduct did occur for each allegation and that they cumulatively denied him a fair trial is for the court of appeals to determine on remand.

**B.**

¶16 The State, however, argues that the court of appeals correctly considered first whether Vargas had preserved each of his individual claims of prosecutorial misconduct for review before determining whether error occurred and then assessing whether any error was fundamental.

¶17 The State overlooks the substance of Vargas's argument. He did not seek relief on the basis that each alleged instance of prosecutorial misconduct separately denied him a fair trial. Instead, he presented one argument for a claim of cumulative error based on multiple allegations of

6

misconduct. This distinction demonstrates that it is not necessary to separately argue fundamental error for each allegation of misconduct in a claim of cumulative error. Were we to require otherwise, appellate counsel could be compelled to argue that each instance of misconduct standing alone deprived a defendant of a fair trial when it did not, in potential violation of Arizona Rule of the Supreme Court 42, Ethical Rule 3.1, which prohibits a lawyer from "bring[ing] . . . or assert[ing] . . . an issue . . . unless there is a good faith basis in law and fact for doing so that is not frivolous." We decline to impose such a requirement.

### III.

¶18 In *Moreno-Medrano*, the court of appeals noted that the defendant failed to argue on appeal that an alleged error was fundamental and concluded he therefore waived the argument. 218 Ariz. at 354 ¶¶ 16–18. The court here relied on *Moreno-Medrano* to find that because Vargas did not separately argue fundamental error for each allegation of prosecutorial misconduct, he waived any argument that the allegations constituted error. *See Vargas*, 2019 WL 366444, at *3–8 ¶¶ 13–14, 20–21, 23, 27, 32, 39–40, 42. This, of course, left no alleged instances of prosecutorial misconduct to consider for a cumulative error review.

¶19 The court of appeals' reliance on *Moreno-Medrano* was misplaced for two reasons. First, Vargas's claim of cumulative error based on prosecutorial misconduct is factually distinct from the claims set forth in *Moreno-Medrano* and the cases it relies on. *Moreno-Medrano*, 218 Ariz. at 354 ¶ 17 (citing, in order, *State v. Ramsey*, 211 Ariz. 529 (App. 2005); *State v. Cons*, 208 Ariz. 409 (App. 2004); and *Carver*, 160 Ariz. 167). The defendant in *Moreno-Medrano* failed to argue fundamental error for his claim that the trial court erred in imposing a criminal restitution order at sentencing. 218 Ariz. at 354 ¶¶ 17–18. *Ramsey* involved a defendant who failed to present any argument with respect to a claim of fundamental error based on a denial of due process. 211 Ariz. at 539 ¶ 30 n.6. In *Cons*, the defendant failed to present any argument that the error he alleged went to the foundation of his case or deprived him of an essential right. 208 Ariz. at 411 ¶ 3. Finally, the defendant in *Carver* simply listed concerns in his appellate brief without presenting any argument. 160 Ariz. at 175.

¶20 In contrast, Vargas's opening brief acknowledged his failure to object at trial, stated that fundamental error review therefore applied, and asserted that multiple allegations of misconduct cumulatively denied

him a fair trial. *Moreno-Medrano* is simply inapplicable to Vargas's claim of cumulative error.

**¶21**    Second, to the extent *Moreno-Medrano* could be read to mean that appellants must explicitly argue "fundamental error" to preserve review of each assertion of error in support of their claim, we reject that view as overly formulaic. Rule 31.10(a)(7)(B) requires an appellant to identify the "applicable standard of appellate review with citation to supporting legal authority" for each *issue* raised, not for every subordinate element of each issue. While this requirement is often honored in the breach, as when an appellant fails to identify the standard, identifies it only for some issues, or misidentifies it altogether, where a defendant has identified the proper standard for a claim of cumulative error, reciting the standard for each individual allegation of error is simply not required.

**¶22**    If an appellant otherwise presents a claim of error sufficient to permit the court to apply the appropriate standard of review, it should do so. However, if a defendant leaves it to an appellate court to identify the proper standard of review by failing to clearly set it forth, the defendant may waive further review of what the proper standard is. And, once again, if the appellant fails to properly develop an argument, the court may consider it abandoned and waived. *See id.* at 175.

## IV.

**¶23**    Vargas also asks us to consider distinguishing between prosecutorial error and prosecutorial misconduct. The Court recently did so by adopting the distinction proposed by the American Bar Association. *In re Martinez*, 248 Ariz. 458, 470 ¶ 47 (2020) (stating that "courts should differentiate between 'error,' which may not necessarily imply a concurrent ethical rules violation, and 'misconduct,' which may suggest an ethical violation"). Since our resolution of the case before us does not rest on any distinction between error and misconduct, we do not address it further.

**¶24**    The State requested that we clarify the standard of review between claims of harmless error and fundamental error based on prosecutorial misconduct. Because our determination of the issues presented does not require us to address this distinction, we decline to do so.

## V.

¶**25**		We vacate the court of appeals' decision as to Vargas's claim of cumulative error due to pervasive prosecutorial misconduct and remand for a redetermination consistent with this Opinion.