IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**NEKO ANTHONY WILSON**,
*Petitioner*,

*v.*

**HON. ROBERT HIGGINS, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF NAVAJO**,
*Respondent Judge*,

**STATE OF ARIZONA EX REL. BRAD CARLYON, NAVAJO COUNTY ATTORNEY**,
*Real Party in Interest.*

No. CR-20-0254-PR
**July 23, 2021**

Special Action from the Superior Court in Navajo County
The Honorable Robert J. Higgins, Judge
No. S0900CR20050518
**VACATED AND REMANDED**

Opinion of the Court of Appeals, Division One
249 Ariz. 344 (2020)
**VACATED**

COUNSEL:

Brad Carlyon, Navajo County Attorney, Michael R. Shumway (argued),
Joel H. Ruechel, Deputy County Attorneys, Holbrook, Attorneys for State
of Arizona

Lee Phillips (argued), Law Office of Lee Phillips, P.C., Flagstaff, Attorney
for Neko Anthony Wilson

Rhonda Elaine Neff, Kimerer Law Group, P.C., Phoenix; and Lise R. Witt,
LisaLaw, LLC, Mesa, Attorneys for Amicus Curiae Arizona Attorneys for
Criminal Justice

Elizabeth Burton Ortiz, Executive Director, Arizona Prosecuting Attorneys' Advisory Council, Phoenix, Attorney for Amicus Curiae Arizona Prosecuting Attorneys' Advisory Council

————————————

JUSTICE MONTGOMERY authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL and JUSTICES LOPEZ and BEENE joined. VICE CHIEF JUSTICE TIMMER, joined by JUSTICE BOLICK, issued a dissenting opinion.[*]

————————————

JUSTICE MONTGOMERY, opinion of the Court:

¶1        Arizona Rule of Criminal Procedure 27.7(c) directs trial courts to "make a release determination" when a probationer is arrested on a warrant pursuant to a petition to revoke probation.  In this case, we consider whether Arizona Rule of Criminal Procedure 7.2(c), which addresses a defendant's right to release after a conviction but before sentencing, is applicable to the required release determination.  For the following reasons, we hold that Rule 7.2(c) applies.

**I.**

¶2        In 2006, Neko Anthony Wilson was convicted of transportation of marijuana for sale, a class three felony.  The trial court suspended imposition of sentence and placed him on probation for four years.  California assumed supervision of Wilson pursuant to the Interstate Compact for Adult Offender Supervision.  Wilson absconded from supervision and was arrested and charged in California for felony murder and robbery in 2009.  Arizona filed a petition to revoke probation based on these new charges and for Wilson's failure to comply with his terms of probation.  The petition went unresolved, though, while Wilson awaited resolution of his case in California.

¶3        Circumstances changed in 2018 when a California court dismissed Wilson's felony murder counts.  He then pleaded guilty to two

————————————

[*] Although Justice Andrew W. Gould (ret.) participated in the oral argument in this case, he retired before issuance of this opinion and did not take part in its drafting.

counts of armed robbery and was released in October with sentencing scheduled for May 2019. Following his release, Wilson was arrested on a warrant issued pursuant to the petition to revoke probation and brought before the trial court in Arizona, which released him to return to California and attend his scheduled sentencing.

**¶4** The California court sentenced Wilson to time served and granted him parole. Wilson then returned to Arizona in July 2019 for his probation revocation arraignment and denied all the allegations in the petition to revoke. The State requested that Wilson be held in custody without bail pursuant to Rule 7.2(c) pending the disposition of the petition. Following arguments from both sides, the court ordered that Wilson be "held without bail pursuant to Rule 7.2(c)," and remanded him into custody without any specific findings.

**¶5** Extensive litigation over Wilson's detention ensued.[1] Relevant here, Wilson petitioned the court of appeals for special action review, contesting the trial court's order holding him in custody without bail under Rule 7.2(c) and arguing that the rule did not apply to a release determination under Rule 27.7(c). The court of appeals accepted jurisdiction and granted relief, concluding that "Rule 7.2(c) ha[d] no application to the superior court's determination of release conditions" for probationers in a revocation proceeding. *Wilson v. Higgins*, 249 Ariz. 344, 348 ¶ 17 (App. 2020), *vacated*, No. CR-20-0254-PR, 2020 WL 9174968 (Ariz. Oct. 15, 2020).

**¶6** We accepted review to address the applicability of Rule 7.2(c) to release determinations required by Rule 27.7(c), an issue of first impression and statewide concern. After oral argument, we issued a decision order vacating the court of appeals' opinion and the trial court's order, remanded the case with directions for the trial court to conduct a

---

[1] On August 19, 2020, this Court denied Wilson's special action petition addressing a due process challenge in *Wilson v. Hon. Higgins/State*, CR 20-0029-PR, and sua sponte ordered the expedited processing of this appeal.

release hearing in compliance with Rule 7.2(c)(1)(A), and stated a written opinion would follow. This opinion sets forth our reasoning.

## II.

**¶7** "We review the interpretation of court rules de novo and apply principles of statutory construction when doing so." *State v. Vargas*, 249 Ariz. 186, 189 ¶ 9 (2020) (quoting *State v. Winegardner*, 243 Ariz. 482, 484 ¶ 5 (2018)).

## A.

**¶8** We begin by addressing the court of appeals' conclusion that Rule 7.2(c) was inapplicable to the circumstances present in this case, as well as the import of Rule 27.7(c) no longer referencing Rule 7.2(c).

**¶9** The court of appeals based its conclusion on its assessment of the history of the amendment of Rule 27.7(c). *Wilson*, 249 Ariz. at 348 ¶¶ 14–17. Before 2018, the rule explicitly directed courts to make a release determination under Rule 7.2(c). Ariz. R. Crim. P. 27.7 (2017). With the aim of "restyl[ing], simplify[ing], and clarify[ing]" Arizona's Rules of Criminal Procedure, the task force created by Supreme Court Administrative Order No. 2015–123 (Dec. 16, 2015) deleted the reference to Rule 7.2(c).[2] The court of appeals inferred that the deletion "was done purposefully, to make clear that the omitted phrase no longer has any effect." *Wilson*, 249 Ariz. at 348 ¶ 14.

**¶10** In support of the court of appeals' assessment of the import of the deleted reference, Wilson quotes the task force's response to a comment requesting reinstatement of the cross-reference to Rule 7.2(c):

> The problem is that Rule 7.2 does not provide any procedures for the conditions of release following an arrest on a probation violation, which is the general subject of Rule 27.7(c). The Task Force concluded that developing such procedures would entail a substantive change to the rule, and that merely cross-referencing Rule 7.2 would not serve any purpose.

---

[2] This Court later adopted the proposed amendment, effective January 1, 2018, pursuant to Arizona Supreme Court Order R–17–0002 (Aug. 31, 2017).

Consequently, the Task Force decided against reinstating the cross-reference to Rule 7.2 in Rule 27.7(c).

R–17–0002, Supplemental Petition, at 26–27 (Apr. 25, 2017). There are two issues with this response and Wilson's reliance on it.

**¶11** First, the task force's claim that "Rule 7.2 does not provide any procedures" for a probationer like Wilson makes too much of Rule 7.2's lack of any specific reference to probation and overemphasizes the probation context of Rule 27.7(c). Regardless of the probation context, Rule 27.7(c) directs courts to "make a *release* determination." (Emphasis added). As Wilson acknowledges in his supplemental brief, in the absence of specific release guidance in Rule 27.7(c) a court should look to Rule 7.2, addressing the right to release, to make the required determination. This makes sense because, as with statutes, "[w]hen '[rules] relate to the same subject or have the same general purpose . . . they should be read in connection with, or should be construed together with other related [rules], as though they constituted one law.'" *State ex rel. DES v. Pandola*, 243 Ariz. 418, 419 ¶ 6 (2018) (quoting *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970)); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 252–55 (2012) (addressing the related-statutes canon and the need to read statutes relating to the same subject together). Given that each rule addresses the subject of release, and that the purpose of each rule is to determine release, Rules 27.7(c) and 7.2(c) can and should be read together.

**¶12** Second, the amendment for Rule 27.7(c) has never been characterized as anything other than a stylistic change. R–17–0002, Petition, app. B, at 43–44 (Jan. 8, 2017) (stating that proposed revisions to Rule 27.7 were intended to be "stylistic" with the exception of proposed revisions to subsections (a) and (b)); R–17–0002, Supplemental Petition, app. B, at 51 (Apr. 25, 2017) (same); and, R–17–0002, Reply Petition, app. B, at 52–53 (July 7, 2017) (same). Additionally, this deletion of the cross-reference conforms to the task force's operating principle that "the criminal rules should be freestanding and generally should not incorporate by reference other rules of procedure." R–17–0002, Petition, at 4 (Jan. 8, 2017). Absent any substantive change, Rule 7.2(c) has the same application to Rule 27.7(c) now as it did before the 2018 amendment.

**¶13** Because Rules 7.2 and 27.7(c) can and should be read together and the deletion of the cross-reference to Rule 7.2(c) was only a stylistic change, we decline to give the amendment to Rule 27.7(c) any substantive meaning that would render Rule 7.2(c) inapplicable.

**B.**

**¶14** In their arguments before this Court, the parties differed over which subsection of Rule 7.2 applies to Wilson. The State asserted it must be Rule 7.2(c)(1)(A) while Wilson argued Rule 7.2(a) applies. Rule 7.2(a) provides in pertinent part:

> Before Conviction; Bailable Offenses.
>
> (1) *Presumption of Innocence.* A defendant charged with a crime but not yet convicted is presumed to be innocent.
>
> (2) *Right to Release.* Except as these rules otherwise provide, any defendant charged with an offense bailable as a matter of right must be released pending and during trial on the defendant's own recognizance with only the mandatory conditions of release required under Rule 7.3(a) . . . .
>
>      . . . .

Rule 7.2(a) clearly addresses release "*before* [a] conviction" for defendants who are "*charged* with an offense . . . *pending* and *during* trial." (Emphasis added). When Wilson appeared before the trial court for probation revocation proceedings, he was not facing new criminal charges, nor was a trial pending. *See infra* ¶¶ 17–18. Instead, he was before the court pursuant to a petition to revoke probation filed *after* the conviction in 2006 for which his sentence was suspended. Therefore, Rule 7.2(a) does not apply to Wilson.[3]

---

[3] Because Arizona Rule of Criminal Procedure 7.2(b) likewise applies to defendants before a conviction, we do not address its potential for application to Wilson in our analysis.

6

¶15        The relevant portion of Rule 7.2(c) states:

After Conviction.

(1) *Superior Court*.

> (A) Before Sentencing. After a defendant is convicted of
> an offense for which the defendant will, in all reasonable
> probability, receive a sentence of imprisonment, the court
> may not release the defendant on bail or on the
> defendant's own recognizance unless:
>
>> (i) the court finds that reasonable grounds exist
>> to believe that the conviction may be set aside on a
>> motion for new trial, judgment of acquittal, or other
>> post-trial motion . . . .
>
>     . . . .

Rule 7.2(c)(1)(A) applies "[*a*]*fter* a defendant is convicted of an offense" but "[*b*]*efore*" he is sentenced. (Emphasis added). Again, Wilson's appearance before the trial court for probation revocation proceedings occurred after his conviction in 2006. And, given that the trial court suspended imposition of sentence following his conviction, he had yet to be sentenced at the time of his revocation proceeding. As we stated in *State v. Muldoon*:

> A sentence is a judicial order requiring a defendant convicted
> in a criminal case to presently suffer a specified sanction such
> as incarceration, monetary fine, or both. Probation is a
> judicial order allowing a criminal defendant a period of time
> in which to perform certain conditions and thereby avoid
> imposition of a sentence.

159 Ariz. 295, 298 (1988).

¶16        As our dissenting colleagues point out below, there are circumstances where our procedural rules and cases applying them will treat probation as a sentence. *Infra* ¶ 30.   And, as *State v. Watson* notes, we have treated probation as a sentence "when the failure to do so would produce inconsistent and illogical results."  248 Ariz. 208, 216–217 ¶¶ 25–28

(App. 2020) (listing examples).  However, the rules directly referenced or at issue in the cases cited in the dissent are not present in these proceedings nor does treating probation differently than a sentence in this case for purposes of Rule 7.2(c) produce an inconsistent or illogical result.[4]  Thus, we hold that Rule 7.2(c)(1)(A) directly applies to Wilson.

### C.

**¶17**        Wilson nonetheless contends that Rule 7.2(c) is inapplicable to him for two reasons, which mirror points raised by the court of appeals in its opinion. *Wilson* 249 Ariz. at 348  ¶¶ 15–16.  First, Wilson insists that a defendant detained following a conviction and a probationer detained pending revocation proceedings are distinguishable for purposes of Rule 7.2(c) because the former has been "convicted of an offense that ha[d] resulted in his or her detention," whereas a probationer has not been "convicted" of a probation violation, only "charged."  *Id.* ¶ 15.

**¶18**        This distinction mischaracterizes the nature of a probation revocation proceeding.  Either the state or a probation officer may initiate probation revocation proceedings by filing a petition based on reasonable cause that a violation has occurred.  Ariz. R. Crim. P. 27.6.  Following an arraignment, the court must set a violation hearing.  Ariz. R. Crim. P. 27.8(a).  If the court finds by a preponderance of the evidence that a violation occurred, it then sets a disposition hearing.  Ariz. R. Crim. P. 27.8(b).  At the disposition hearing the court may revoke, modify, or continue probation. Ariz. R. Crim. P. 27.8(c).  If the court revokes probation, it then imposes a sentence.  *Id.*

**¶19**        An allegation of a probation violation is thus not a new criminal charge leading to a trial where a probationer faces possible conviction of a probation violation.  Additionally, the proffered distinction overlooks the fact that a probationer and the defendant are in the same position for purposes of determining release under Rule 7.2(c) — each

---

[4] We nonetheless agree with our dissenting colleagues' observation that a rule change to specifically address release decisions in Rule 27, Probation and Probation Revocation, would best serve future parties and trial courts. *Infra* ¶ 32.

appears before the trial court *after* a conviction and each has yet to be sentenced. *State v. Holguin*, 177 Ariz. 589, 592 (App. 1993) ("Because to order probation is to suspend the imposition of sentence, a defendant whose probation has been revoked is essentially in the position of never having been sentenced."); *see generally United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994) (discussing that, under federal law, a probationer awaiting a revocation hearing may be held to the same standards as a convicted defendant awaiting sentencing).

¶20 Second, Wilson maintains that it is "illogical" to apply Rule 7.2(c) to a probationer because 7.2(c)(1)(A)(i), which permits pre-sentence release for a defendant whose conviction will likely be set aside by a post-trial motion, "simply has no application" as the time for such motions "will typically have expired" when a revocation proceeding commences. *Wilson*, 249 Ariz. at 348 ¶ 16. Wilson went even further at oral argument, adding that the chance of release under Rule 7.2(c) was "illusory."

¶21 But the inability to challenge an underlying conviction by way of a post-trial motion does not render Rule 7.2(c) wholly inapplicable to a probationer. Instead, it simply narrows the grounds on which a trial court may grant release. The court still must consider whether in all reasonable probability it will impose a sentence of imprisonment if it finds a violation of probation. Ariz. R. Crim. P. 7.2(c)(1)(A). And the court has discretion after finding a violation of probation to reinstate a defendant's probation. Rule 27.8(c)(2); A.R.S. § 13-901(C). When a court determines that it will exercise such discretion, Rule 7.2(c)(1)(A) permits release. Thus, Rule 7.2(c) authorizes exactly what Wilson said was illusory.

**D.**

¶22 Wilson nonetheless argues that applying Rule 7.2(c) in this instance conflicts with our state and federal constitutions. He initially cited Arizona's constitutional guarantee that, with certain exceptions, "all persons *charged with crime* shall be bailable by sufficient sureties." Ariz. Const. art. 2, § 22(A) (emphasis added); A.R.S. § 13-3961(B). But, as discussed, *supra* ¶¶ 17–18, an allegation of a probation violation is not the equivalent of a criminal charge.

¶23 Likewise, Wilson's reliance on the Eighth and Fourteenth Amendments to the United States Constitution and article 2, section 15 of

the Arizona Constitution for the application of the due process protection of "the right to liberty from unwarranted pretrial detention" to probationers once again overlooks the differences between a criminal prosecution and a probation revocation proceeding. *See Gagnon v. Scarpelli*, 411 U.S. 778, 788–89 (1973) ("[T]here are critical differences between criminal trials and probation . . . revocation hearings" with respect to due process protections.). A probationer awaiting a violation or disposition hearing is not in "pretrial detention." *Supra* ¶ 15. Furthermore, "the Eighth Amendment does not guarantee a right to bail pending revocation of probation." *In re Whitney*, 421 F.2d 337, 338 (1st Cir. 1970) (discussing the nature of bail and distinguishing defendants only charged with a crime from a probationer who has previously been convicted of a crime).

**¶24** Finally, unlike an accused awaiting trial, a probationer who has been convicted and placed on probation has undergone a "transformative change[]" due to the "severe and fundamental disruption in the relationship between [them] and society." *See United States v. Scott*, 450 F.3d 863, 873 (9th Cir. 2006) (quoting *United States v. Kincade*, 379 F.3d 813, 834–35 (9th Cir. 2004)). While undergoing rehabilitation, probationers simply do not possess the "absolute liberty" of those not convicted of a felony. *State v. Alfaro*, 127 Ariz. 578, 579 (1980); *United States v. Knights*, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987))). Rather, probationers possess "reduced liberty interests." *State v. Korzuch*, 186 Ariz. 190, 193 (1996); *Alfaro*, 127 Ariz. at 579 (noting that probationers possess "conditional liberty properly dependent on the observance of special (probation) restrictions").

**¶25** As a result, a probationer's liberty may be restricted "to a greater degree than would be [otherwise] permissible." *State v. Kessler*, 199 Ariz. 83, 88 ¶ 20 (App. 2000); accord *Knights*, 534 U.S. at 119 ("Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."). In sum, nothing in our federal or state constitutions prohibits the application of Rule 7.2(c)(1)(A) to probationers like Wilson where a release determination may result in detention pending probation revocation proceedings.

### III.

**¶26**         For the reasons stated above, Rule 7.2(c)(1)(A) applies to determining release conditions for a probationer pending a revocation proceeding under Rule 27.7(c).  The order of the trial court and opinion of the court of appeals are vacated and the matter remanded to the trial court for further proceedings as warranted.

TIMMER, VCJ., joined by BOLICK, J., dissenting.

**¶27**        Is probation a sentence?  This is an easy question with an often-unclear answer, which depends on the context of the term's usage. The jagged line between sentencing and probation has understandably generated confusion among courts and litigants.  This case is the latest example.

**¶28**        Rule 7.2(c)(1)(A) governs release decisions made after conviction and "before sentencing."  When a trial court orders probation, it simultaneously suspends imposition of sentence, thereby permitting the court to retain jurisdiction over the probationer's punishment until he completes the probationary term or probation is revoked and a sentence is imposed.  *See State v. Muldoon*, 159 Ariz. 295, 298 (1988); *State v. Holguin*, 177 Ariz. 589, 591–92 (App. 1993).  Nevertheless, probation is considered a "sentence" under Rule 7.2(c)(1)(A).  Because probation revocation proceedings do not occur "before sentencing," the majority incorrectly concludes that Rule 7.2(c)(1)(A) governed the release decision here. Therefore, we respectfully dissent.

**¶29**        Our criminal procedure rules define "sentence" as "the court's pronouncement of the penalty imposed on the defendant after a judgment of guilty."  Ariz. R. Crim. P. 26.1(c).  When the Court originally adopted this definition, it included a comment explaining that "[t]he term sentence as used in this rule *does include probation* even though in most cases . . . imposition of sentence must be suspended in order to place a person on probation."  *See* Ariz. R. Crim. P. 26.1(b), cmt. (1973) (emphasis added). Although Rule 26.1 was restyled in 2018, the definition of "sentence" was not substantively changed.  *Compare* Ariz. R. Crim. P. 26.1(b) (2017), *with* Ariz. R. Crim. P. 26.1(c) (2021).  Consequently, probation remains a penalty and, thus, a "sentence" under our rules.

**¶30**        Our cases have treated probation as a sentence when applying our procedural rules.  For example, in *State v. Fuentes*, the trial court convicted Fuentes of drug possession, suspended imposition of sentence, and placed him on probation.  26 Ariz. App. 444, 446 *aff'd and adopted*, 113 Ariz. 285 (1976).  The next year, the court revoked probation and imposed a prison sentence.  *Id.*  Fuentes then appealed his drug possession conviction, which was timely only if probation was not a "sentence."  *See id.* (quoting then-existing Rule 31.3, which required that any notice of

appeal be filed within twenty days after "the entry of judgment and sentence"). He argued that because the court suspended his sentence when it imposed probation, "the appeal time on the original determination of guilt remained open," and his appeal was timely. *Id.* The court of appeals, and by extension this Court, disagreed, relying on Rule 26.1's definition of "sentence" and its comment to conclude that "for purposes of appeal, 'sentence' was imposed upon [Fuentes] at the time he was placed upon probation," meaning his appeal was untimely. *See id.* at 446–47; *see also State v. Falco*, 162 Ariz. 319, 321 (App. 1989) (citing Rule 26.1 comment and concluding that "although an order imposing probation is not ordinarily a sentence, *see* [*Muldoon*, 159 Ariz. at 298], when used in the context of Rule 26 and, by inference, Rule 24.3 [authorizing a court to correct 'any unlawful sentence'], the term 'sentence' does include probation"); Ariz. R. Crim. P. 27.1(b) (recognizing that "[t]he sentencing court" can impose probation conditions).

¶31　　　Nothing in Rule 7.2(c)(1)(A) suggests that "sentence" excludes probation, and we would therefore apply the Rule 26.1(c) definition. Even putting Rule 26.1(c) aside, the majority's conclusion that Rule 7.2(c)(1)(A) applies to the release decision required by Rule 27.7(c) is akin to hammering a square peg into a round hole. As one example, although Rule 7.2(c)(1)(A) precludes the court from releasing a convicted defendant before sentencing if a prison sentence is probable, unless an exception applies, the court cannot follow this directive in all probation revocation proceedings because not all probationers are arrested for violating probation. *See* Rule 27.6 (providing the court discretion to issue an arrest warrant or direct the probationer to appear at a revocation hearing); Rule 27.7(c) (requiring a release decision only if the probationer is arrested). Thus, under the majority's view, we are left with the peculiar circumstance that probationers who are directed to appear at a revocation hearing but who are not arrested will remain released, even if a reasonable probability exists that a prison sentence will be imposed, while arrested probationers in the same circumstance will be detained. Interpreting "sentence" in Rule 7.2(c)(1)(A) as including probation avoids this irregularity.

¶32　　　In sum, we agree with Wilson and the court of appeals that Rule 7.2(c)(1)(A) does not direct the release decision required by Rule 27.7 when a probationer is arrested on a petition to revoke probation. *See Wilson v. Higgins*, 249 Ariz. 344, 348 ¶ 17 (App. 2020), *vacated*, No. CR-20-0254-PR,

2020 WL 9174968 (Ariz. Oct. 15, 2020).  None of the other criminal rules of procedure governing release apparently apply to the Rule 27.7 release decision, and this Court would best serve trial courts and litigants by promulgating a new rule.  *Cf. State v. Watson*, 248 Ariz. 208, 217 ¶¶ 26–27 (App. 2020) (observing that "in the years following *Muldoon*, Arizona courts have disregarded traditional distinctions between probation and a sentence when unique situations require it" and "the lines between sentencing and probation within our criminal code 'have blurred' over time" (quoting *State v. Mathieu*, 165 Ariz. 20, 24 (App. 1990))).  Because no rule currently exists to apply, we would vacate the trial court's order and remand with directions for the court to make the decision for reasons that comply with our state and federal constitutions.