NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BRIAN THOMAS FLANIGAN, *Appellant*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS, *Appellee*.

No. 1 CA-CV 24-0725

FILED 07-29-2025

---

Appeal from the Superior Court in Maricopa County
No. LC2023-000233-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Kozub Kloberdanz, Scottsdale
By Daniel L. Kloberdanz
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Charles S. Hover, III
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1         Brian Flanigan appeals the superior court's 2024 order affirming a 2023 final administrative decision of the Arizona Registrar of Contractors (the "ROC"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         Flanigan's family trust (the "Trust") owned a home (the "Property") and hired a licensed general contractor to remodel the Property in November 2018. In March 2019, after the contractor failed to properly complete the work, Flanigan filed a complaint with the ROC. In July 2019, the ROC found in Flanigan's favor and ordered the contractor to perform the contracted work, which the contractor never completed. Flanigan hired and paid a different contractor to finish the work. In October 2019, Flanigan filed a claim for payment from the ROC's Residential Contractors' Recovery Fund (the "Fund").

¶3         In January 2020, the ROC issued a notice of Flanigan's ineligibility for payment based on the Property's tax classification. Flanigan appealed administratively.

¶4         After a May 2020 hearing, an Administrative Law Judge ("ALJ") recommended the ROC uphold its Fund ineligibility decision. The ALJ determined that Flanigan did not meet the requisite property tax classification set forth in Arizona Revised Statutes ("A.R.S.") Section 32-1131(3) because the Property was classified as a rental instead of a primary residence.

¶5         In June 2020, the ROC adopted the ALJ's recommended decision in a final administrative decision finding Flanigan was ineligible for Fund payment based on the Property's tax classification (the "June 2020 decision"). Flanigan appealed, arguing the ROC applied a superseded statute instead of the statute in effect at the time he filed his claim. The superior court affirmed the ROC's June 2020 decision. Flanigan appealed to this court.

¶6            We reversed and remanded the superior court's order, holding that the 2019 version of Section 32-1131 governed Flanigan's claim, so the statute's prior versions requiring the Property to have certain tax classifications did not preclude Flanigan's Fund payment eligibility. *Flanigan v. Ariz. Registrar of Contractors*, 1 CA-CV 21-0536, 2022 WL 3273473, at *1, ¶ 1 (Ariz. App. Aug. 11, 2022) (mem. decision).  Consistent with our decision, on remand, the parties entered a stipulation stating that the ROC "should not determine that Flanigan is ineligible to receive payment from the Recovery Fund because of the tax classification of the subject property pursuant to the pre-August 27, 2019 version of A.R.S. § 32-1131."   The superior court approved the stipulation in November 2022 and remanded to the ROC for further proceedings.

¶7            In February 2023, applying the more recent version of Section 32-1131, the ROC found that Flanigan was statutorily ineligible for payment under the Fund because the Trust owned the Property and did not meet the eligibility requirements under Section 32-1132(B)(3)(c).  The ROC noted that, for a trust to qualify for Fund payment, "[a]ll of the trust's trustors must actually occupy or intend to occupy" the Property, but here, the Trust's trustor died in 2016.  *See* A.R.S. § 32-1132(B)(3)(c).  Since no trustor could occupy the Property, and there was no evidence that the trustor had intended to occupy the Property, the ROC found that Flanigan was ineligible for Fund payment.  Flanigan appealed administratively.

¶8            In May 2023, after conducting a hearing, the ALJ recommended the ROC affirm the denial of Flanigan's claim because the Property's owner—the Trust's trustor—did not occupy or intend to occupy the Property and Flanigan therefore was ineligible for Fund payment.  In June 2023, the ROC adopted the ALJ's recommendation in a final administrative decision denying Flanigan's claim (the "June 2023 decision").  Flanigan appealed the ROC's June 2023 decision to the superior court.  The superior court affirmed the ROC's June 2023 decision.

¶9            Flanigan appealed the superior court's ruling.  We have jurisdiction pursuant to Sections 12-913 and 12-2101(A)(1).

## DISCUSSION

¶10          In proceedings "brought by or against [a] regulated party," we decide legal interpretations without deferring to any previous agency determinations.  *See* A.R.S. § 12-910(F); *Simms v. Simms*, 567 P.3d 92, 102, ¶ 31 (App. 2025).  We therefore review "the interpretation of a constitutional

or statutory provision or a rule adopted by an agency" de novo. A.R.S. § 12-910(F).

## I.     Neither claim nor issue preclusion applies because the June 2020 decision never became final and the ROC was permitted to raise its new defense on remand.

¶11     Flanigan contends that the ROC could not raise a new defense to his Fund claim on remand. He also argues that the ROC's June 2020 decision was "final," so both claim and issue preclusion bar the ROC from raising a new defense to Flanigan's Fund claim in its June 2023 decision. We address each argument in turn.

### A.     The ROC was entitled to raise a new defense on remand.

¶12     Flanigan argues that our previous decision reversing the superior court's order and remanding for further proceedings did not allow the ROC to raise a new defense to Flanigan's eligibility in its June 2023 decision. *See Flanigan*, 1 CA-CV 21-0536, at *5, ¶ 21. But our previous decision expressly stated that "factual questions remain regarding eligibility that may prevent payment." *Flanigan*, 1 CA-CV 21-0536, at *5, ¶ 19.

¶13     Remanding a case for further proceedings returns a case to the proper entity (in this case, the ROC) so that "it may take further action in accordance with applicable law." *City of Tucson v. Mills*, 114 Ariz. 107, 110 (App. 1976). Here, the ROC did exactly that. In its June 2020 decision, the ROC applied the prior, superseded version of Section 32-1131 to determine that Flanigan did not meet the definition of a "person injured." A.R.S. § 32-1131(3) (effective Aug. 9, 2017 to Aug. 26, 2019). After we reversed and remanded the case to the superior court, and that court remanded to the ROC, the ROC issued its June 2023 decision applying the 2019 version of Section 32-1131 in effect at the time Flanigan filed his claim. Our mandate upon remand was for the ROC to apply the correct version of the statute, and the "defense" the ROC raised — that all the Trust's trustors must occupy or intend to occupy the Property — was in the correct version of the statute. *See* A.R.S. § 32-1132(B)(3)(c) (2019). The ROC was thus entitled to issue its June 2023 decision in accordance with the applicable law we previously ordered it to apply on remand. *See City of Tucson*, 114 Ariz. at 110.

**B.** **Neither claim nor issue preclusion applies because the ROC's June 2020 decision never became final.**

¶14 Claim preclusion prohibits a party from relitigating the same cause of action against the same opposing party in a subsequent action. *Hawkins v. State Dep't of Econ. Sec.*, 183 Ariz. 100, 103 (App. 1995). Issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 174 (App. 1987).

¶15 Whether claim or issue preclusion apply is a question of law, which we review de novo. *Better Homes Const., Inc. v. Goldwater*, 203 Ariz. 295, 298, ¶ 10 (App. 2002) (claim preclusion); *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 180, ¶ 6 (2007) (issue preclusion). Although both claim and issue preclusion can apply to administrative decisions, *Hawkins*, 183 Ariz. at 103, both require a final decision to be applicable, *Ariz. Downs v. Super. Ct.*, 128 Ariz. 73, 76 (1981). Here, neither doctrine applies because there was no final administrative decision that had preclusive effect.

¶16 Flanigan contends that claim preclusion based on the ROC's June 2020 decision bars the ROC from raising a new defense in its June 2023 decision. But our prior decision reversed and remanded the ROC's June 2020 decision. *Flanigan*, 1 CA-CV 21-0536, at *5, ¶ 21. As a result, the ROC's June 2020 decision never became final. The case before us is part of the same action as our prior decision, so claim preclusion does not apply. *See Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 327 (App. 1993) (stating that where the allegedly preclusive prior decision had been entered in the same action rather than in a prior action, claim preclusion did not apply).

¶17 Flanigan also claims issue preclusion barred the ROC from raising a new defense, but fails to develop any legal argument on the matter. As a result, he has waived any issue preclusion argument. *See State v. Vargas*, 249 Ariz. 186, 191, ¶ 22 (2020). Neither claim nor issue preclusion applies here.

**II.** **Flanigan is not eligible for Fund payment under Section 32-1132(B)(3).**

¶18 Flanigan argues that Section 32-1132(B)(3) should be interpreted to only include living trustors in this case, because requiring all of the Trust's trustors to occupy or have an intent to occupy the Property would contradict common sense. We review statutory interpretation questions de novo. *Ramsey v. Ariz. Registrar of Contractors*, 241 Ariz. 102,

105, ¶ 6 (App. 2016).  We apply a statute's terms as written when a statute is unambiguous.  *Id.*

**¶19**　　　　The Fund compensates eligible claimants for damages resulting from a contractor's defective performance.  A.R.S. § 32-1132(A) (2019); *Ramsey*, 241 Ariz. at 106-07, ¶¶ 11-12.  Only eligible claimants can recover from the Fund.  A.R.S. § 32-1132(B) (2019).  Eligible claimants include trusts, provided the trust is a revocable living trust that owns the residential property at issue, and "[a]ll of the trust's trustors actually occupy or intend to occupy the residential real property described . . . as their primary residence."  A.R.S. § 32-1132(B)(3)(c) (2019).

**¶20**　　　　Here, Flanigan is a trustee and beneficiary of the Trust which owns the Property—statuses he acknowledges correctly describe him.  Flanigan's father, who died in 2016, established the Trust as its trustor, and never lived, or intended to live, in the Property.  When the Trust's trustor died, Flanigan did not become its trustor—he acknowledges that he is the trustee and beneficiary.  Instead, he argues that Section 32-1132(B)(3) does not apply to former trustors of the Trust who are now dead, and claims that "[t]he only logical interpretation of [Section] 32-1132(B)(3) is that the statute applies to then living trustors and not to trustors who have previously died."  But Flanigan's interpretation would require us to read Section 32-1132(B)(3) as applying only to living trustors, and "inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions[,]" which we will not do.  *See Roberts v. State*, 253 Ariz. 259, 266, ¶ 20 (2022) (citation omitted).  Because Flanigan is not a trustor, and the deceased former trustor cannot occupy the Property and there is no indication that he intended to occupy the Property, Flanigan is not eligible for Fund payment.  Accordingly, the superior court properly affirmed the ROC's denial of Flanigan's claim for Fund payment under Section 32-1132.

## CONCLUSION

**¶21**　　　　We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR