NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGERY MARTEL KEETEN, *Petitioner*.

No. 1 CA-CR 25-0549 PRPC

FILED 06-02-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2012-105544-003, CR2016-149044-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Gregery Martel Keeten, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

**¶1**  Gregery Keeten petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 32. For the reasons below, we grant review but deny relief.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**  In 2012, Keeten pled guilty to armed robbery in Maricopa County Superior Court Case No. CR2012-105544-003. The superior court suspended imposition of sentence and placed him on probation. In 2016, Keeten was charged with misconduct involving weapons in Maricopa County Superior Court Case No. CR2016-149044-001. The State arrested him, petitioned to revoke probation in the 2012 case, and held him in custody during the pendency of the 2016 case. A jury found Keeten guilty of the weapons charge in 2018 and found he was on felony probation when he committed the offense. After revoking Keeten's probation for the armed robbery conviction because of the jury verdict, the superior court sentenced him to consecutive terms of four years' imprisonment for the armed robbery conviction and 10 years' imprisonment for the misconduct involving weapons conviction. *See* A.R.S. § 13-708(C), (E). The court awarded Keeten 1,037 days of presentence incarceration credit on the sentence for armed robbery and zero days of credit on the sentence for misconduct involving weapons.

**¶3**  Keeten appealed from his conviction and sentence for misconduct involving weapons, but he filed no separate appeal in the probation revocation case. We affirmed. *State v. Keeten*, 1 CA-CR 18-0525, 2019 WL 4644035 (Ariz. App. Sep. 24, 2019) (mem. decision). Keeten then filed a petition for post-conviction relief in the weapons case, which was also unsuccessful. *State v. Keeten*, 1 CA-CR 20-0420 PRPC, 2021 WL 982708 (Ariz. App. Mar. 16, 2021) (mem. decision).

¶4          In 2025, Keeten filed a notice and petition for post-conviction relief in both cases. Keeten asserted his sentences were illegal, violated due process, and caused him to be held in custody beyond sentence expiration because 643 days of presentence incarceration credit was wrongly applied to the armed robbery sentence in the probation revocation case rather than the misconduct involving weapons sentence imposed after trial. *See* Ariz. R. Crim. P. 32.1(a), (c), (d). The 643 days corresponded to the period Keeten spent in jail between his arrest on October 15, 2016, and sentencing on July 20, 2018. The superior court summarily dismissed the petition and denied Keeten's motion for rehearing.

¶5          Keeten timely petitioned for review. In our discretion, we grant review. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

## DISCUSSION

¶6          We review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion, which occurs when the court makes an error of law or does not adequately investigate the facts needed to support its decision. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

¶7          In his petition for review, Keeten reasserts his argument that his time in custody between his 2016 arrest and 2018 sentencing should have been applied to his weapons sentence in the trial case rather than his armed robbery sentence in the probation case. He argues the superior court erred by not addressing the crux of his argument and by dismissing his petition without any response from the State.

¶8          Even if the superior court misinterpreted Keeten's argument as asking for double credit, its ultimate decision to deny relief was sound. *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015) ("We will affirm a trial court's decision [denying post-conviction relief] if it is legally correct for any reason.").

¶9          The sentencing judge correctly applied credit to the armed robbery sentence for the period between Keeten's 2016 arrest and 2018 sentencing because Keeten was held in custody during that time pursuant to the probation revocation case. *See* A.R.S. § 13-712(B) ("All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ."). The record shows that Keeten was taken into custody on October 15, 2016, on a warrant for the probation violation. The superior court ruled that Keeten was bailable on the weapons charge in the new case but that he should be held without bail in the probation revocation case. *See*

*Wilson v. Higgins*, 251 Ariz. 282, 287, ¶¶ 25–26. (2021); Ariz. R. Crim. P. 7.2(c). Thus, contrary to Keeten's contention, he was held in custody pursuant to the revocation case and not solely on account of the new charge. The 643 days of presentence incarceration credit for that period was properly applied to his sentence in the revocation case. *See State v. Brooks*, 161 Ariz. 177, 181 (App. 1989) (applying presentence incarceration credit to sentence imposed after probation revoked for time spent in custody on probation violation warrant).

¶10       Nor did the superior court err by dismissing Keeten's petition without any response from the State. The court did not rule on Keeten's petition until the time had elapsed for the State to respond. *See* Ariz. R. Crim. P. 32.9(a) (giving the State 45 days to respond to a petition). No authority required the court to compel a response from the State or entitled Keeten to a response. *Cf. State v. Cawley*, 133 Ariz. 27, 29 (App. 1982) (observing that a court is not required to grant a defendant's request merely because the State fails to respond to it); *State ex rel. McDougall v. Superior Court (Blendu)*, 174 Ariz. 450, 452 (App. 1993) (explaining that a statutory deadline for a response does not make such response mandatory but rather subjects the non-responding party to a confession of error analysis).

**CONCLUSION**

¶11       For these reasons, we grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR