NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY OLIVER BOGIE, *Appellant.*

No. 1 CA-CR 15-0039
FILED 3-31-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR2014-11700-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By David Simpson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1        Timothy Bogie ("Defendant") appeals from his convictions and sentences for possession of a dangerous drug, and possession of drug paraphernalia.[1]  Defendant argues the trial court's ruling precluding him from cross-examining a police officer regarding allegedly exculpatory statements he made at the time of his arrest was error.  Defendant claims the court's ruling violated his right to confront witnesses and present a necessity defense.  He also argues the court's ruling violated Arizona Rule of Evidence 106.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Shortly before 9 p.m. on April 11, 2014, officers conducted a traffic stop on Defendant because his semi-truck did not have a license plate.  Defendant did not stop at first; as he drove, the officers could see him moving and reaching around in the cab.  Defendant eventually pulled over, and one of the officers approached his truck.  The officer walked towards the truck and when he made eye-contact with Defendant through the side mirror, Defendant drove away.  The officers pursued and Defendant ultimately stopped a few blocks later.  This time, Defendant was arrested for unlawful flight.

¶3        Officers conducted an inventory search of Defendant's vehicle and found a cigar box directly behind the driver's seat.  The cigar box contained methamphetamine, a spoon with residue, a scale, and a pipe.

¶4        After being *Mirandized* the officer and Defendant had the following conversation about the items:

> Question: What was the crystal like substance found behind
> your driver's seat?

---

[1]        Defendant does not appeal his conviction and sentence for unlawful flight.

Answer: Meth.

Question: Is this meth yours?

Answer: No, it's not mine.

Question: Why is there meth in the vehicle?

Answer: It belongs to my girlfriend who's in the hospital and now she is clean so I wanted to throw it out.

Question: Where did you get the meth?

Answer: At her home in Mesa.

Question: What time did you get the meth?

Answer: Between 6 and 7 p.m.

Question: Why were you driving around with meth in your vehicle for a couple of hours?

Answer: Because I wanted to find a place to throw it away.

Question: Why didn't you just throw it in the garbage or the toilet?

Answer: Because I didn't think of that.

¶5        Defendant was charged with one count of unlawful flight, one count of possession of a dangerous drug, and one count of possession of drug paraphernalia.

¶6        Before trial, Defendant filed a motion in limine seeking to preclude evidence he was attempting to locate a prostitute or soliciting sex prior to the traffic stop. Specifically, evidence that when the officers first observed Defendant's truck, he was illegally parked in front of a homeless shelter asking women to accompany him in his truck. In addition, there was writing on the side of Defendant's truck appearing to solicit prostitution, and offering to pay money on a weekly basis. In addition, the officers found some "sex toys" when they searched Defendant's truck.

¶7        Defendant argued this was other act evidence that was irrelevant to the charged offenses and would unduly prejudice the jury. The court granted Defendant's motion; however, the court did not rule on

whether the evidence could be used to impeach Defendant's testimony regarding his necessity defense should he choose to testify.

¶8        Defendant's girlfriend's testimony was also precluded in its entirety because the court found that compelling her to testify could violate her 5th Amendment rights.  Any evidence Defendant could hope to elicit from his girlfriend to support his necessity defense would require her to make statements that could result in her being prosecuted for drug possession.   Thus, Defendant was required to elicit his self-serving statements to the officer or to testify himself in order to support his necessity defense.

¶9        Following the preclusion of Defendant's girlfriend, the State moved to preclude Defendant from introducing his comments to the police that the methamphetamine belonged to his girlfriend and he was attempting to dispose of it.  The court granted the State's motion to preclude Defendant's statements.  Accordingly, the officer testified at trial regarding his conversation with Defendant as follows:

> Question: Did the defendant make any statements about his knowledge of what the item was that you recognized as meth?
>
> Answer: Yes, he told me it was meth.
>
> Question: Did the defendant admit to knowingly possessing it?
>
> Answer: Yes.

¶10        Defendant argued the court's ruling improperly deprived him of his right to confront and cross-examine the officer because he could not develop his necessity defense or attack the drug possession charge.  The State countered that the statements were irrelevant to the charges filed against Defendant.  Defendant was convicted of all three counts.  He timely appealed.

## DISCUSSION

I.        Standard of Review

¶11        In the trial court, Defendant argued the precluded statements were relevant to (1) his defense of necessity and (2) the element of possession for the drug charge.  We review the trial court's evidentiary

rulings for an abuse of discretion. *State v. Tucker*, 205 Ariz. 157, 165, ¶ 41 (2003). Issues of constitutional and statutory interpretation, however, are reviewed de novo. *State v. Nordstrom*, 230 Ariz. 110, 114, ¶ 8 (2012).

## II. The Necessity Defense

**¶12** Defendant argues preclusion of the statements improperly prohibited him from establishing a necessity defense.

**¶13** Criminal defendants are constitutionally guaranteed the right to present a complete defense and to confront adverse witnesses. *State v. Riggs*, 189 Ariz. 327, 331 (1997) (citing U.S. Const. amend. VI, amend XIV); *State v. Abdi*, 226 Ariz. 361, 367, ¶ 27 (App. 2011). The right to cross-examination is integral to the right of confrontation. *Riggs*, 189 Ariz. at 331; *Abdi*, 226 Ariz. at 367, ¶ 27. However, this right is not without limitation; "[a] defendant's fundamental right to confront and cross-examine adverse witnesses is 'limited to the presentation of matters admissible under ordinary evidentiary rules, including relevance.'" *Riggs*, 189 Ariz. at 333 (quoting *State v. Dickens*, 187 Ariz. 1, 14 (1996)). A defendant does not have a constitutional right to cross-examine a witness on irrelevant or inadmissible matters.

**¶14** The necessity defense provides: "[c]onduct that would otherwise constitute an offense is justified if a reasonable person was compelled to engage in the proscribed conduct and the person had no reasonable alternative to avoid imminent public or private injury greater than the injury that might reasonably result from the person's own conduct." A.R.S. § 13-417(A).

**¶15** Under the plain language of the statute, the precluded statements do not constitute evidence to support a necessity defense. Defendant was not faced with an imminent private injury; according to the statements, his girlfriend was currently in the hospital being treated for her addiction. The presence of the drugs in the house did not present an imminent threat of relapse. Additionally, the precluded statements indicate Defendant drove around with the drugs in his vehicle for two to three hours.

## III. The Drug Possession Charge

**¶16** Defendant also argues his statements were relevant and admissible to show that he did not "possess" the methamphetamine found in his truck.

¶17        Under A.R.S. § 13-105(34) possession is defined as follows: "knowingly to have physical possession or otherwise to exercise dominion or control over property." The statutory definition contemplates two kinds of possession: "actual possession ('to have physical possession') and constructive possession ('or otherwise to exercise dominion or control over property')." *State v. Ottar*, 232 Ariz. 97, 99, ¶ 5 (2013) (quoting A.R.S. § 13-105(34)). Actual, physical possession "requires some exercise of dominion or control." *Id.* at 100, ¶ 7; *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013) (same).

¶18        Defendant's statements that the methamphetamine in the vehicle belonged to his girlfriend did not alter the fact that he "possessed" the methamphetamine in violation of A.R.S. §§ 13-3407, -105(34). His statements establish that he took the drugs from his girlfriend's house in Mesa and drove around with them for a couple of hours. During that time the drugs were in his physical possession and under his control. His purported intent to dispose of the drugs rather than use them is immaterial to the charged offense. *See State v. Cox*, 217 Ariz. 353, 356, ¶¶ 17-21 (2007) (declining to interpret an "intent to use" mental state into the charge of possession).

¶19        Furthermore, Evidence Rule 106 did not require admission of the exculpatory statements simply because they were made in the same conversation as Defendant's inculpatory statements. Under Rule 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Ariz. R. Evid. 106. "[O]nly the portion of a statement 'necessary to qualify, explain or place into context the portion already introduced' need be admitted." *State v. Cruz*, 218 Ariz. 149, 162, ¶ 58 (2008) (quoting *State v. Prasertphong*, 210 Ariz. 496, 499, ¶ 15 (2005)). "Rule 106 does not create a rule of blanket admission for all exculpatory statements simply because an inculpatory statement was also made." *Id.*

¶20        The statements Defendant sought to introduce would not qualify, explain or place into context his admission to possession of the methamphetamine. In fact, they would present an inaccurate picture to the jury. Defendant wished to introduce the statements to cast himself as a loving boyfriend who was forced to possess the drugs in order to protect his recovering drug-addict girlfriend. However, the circumstances surrounding Defendant's arrest present a much different picture.

**¶21** When the officers first contacted Defendant he was parked in front of a homeless shelter apparently seeking to solicit prostitution. In addition to the methamphetamine and drug paraphernalia, Defendant had "sex toys" stashed in the cab. Defendant successfully precluded all evidence tending to suggest he was involved in solicitation at the time of his arrest. Fairness required the court to also preclude Defendant from introducing self-serving hearsay through the officer to suggest that his sole purpose that evening was to drive around in his truck until he could dispose of his girlfriend's drugs. The trial court did not abuse its discretion by excluding the statements. *Abdi*, 226 Ariz. at 367, ¶ 27.

IV. The Drug Paraphernalia Charge

**¶22** Finally, Defendant argues for the first time on appeal that the statements were relevant to his intent to use the drug paraphernalia found in his truck. Because this argument was not raised below, it has been waived for all but fundamental error. *State v. Williams*, 236 Ariz. 600, 604-05, ¶ 21 (App. 2015). Defendant bears the burden of showing "that error occurred, that it was fundamental, and that it prejudiced him." *State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 16 (App. 2008). However, Defendant does not argue on appeal that the preclusion of the statements as to the drug paraphernalia charge was fundamental error. *Williams*, 236 Ariz. at 604-05, ¶ 21; *Moreno-Medrano,* 218 Ariz. at 354, ¶ 17. Therefore, the issue has been waived. *Id.*

**CONCLUSION**

**¶23** For the reasons above, we affirm Defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama